No. 96,610

Joseph Leo Guillory, *Appellant*, v. State of Kansas, *Appellee*.
(170 P.3d 403)

Opinion
filed November 2, 2007.

*Korey A. Kaul*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

No appearance by appellee.

The opinion of the court was delivered by

McFarland, C.J.: On April 30, 2002, Joseph L. Guillory pled nolo contendere to the first-degree premeditated murder (K.S.A. 21-3401[a]) of Alva Truman Shaw. On July 1, 2002, he was sentenced to life imprisonment.

On October 31, 2005, Guillory filed a pro se K.S.A. 60-1507 motion in which he alleged (1) he was never informed he could appeal his sentence; (2) ineffective assistance of counsel; and (3) his attorney coerced him into entering a guilty plea. In a written decision, the district court summarily denied the motion. The district court cited from the sentencing transcript and concluded that Guillory had properly been advised of his right to appeal. The record supports this conclusion.

The court's written decision denying relief was filed on November 22, 2005. The certificate of mailing shows that a copy of the

decision was sent to Guillory at the El Dorado Correctional Facility. On March 27, 2006, Guillory filed a pro se notice of appeal from the summary denial of his K.S.A. 60-1507 motion. The appellate defender was appointed and the appeal was docketed.

The Court of Appeals issued an order to show cause why the appeal should not be dismissed for lack of jurisdiction due to the failure to file the notice of appeal from the denial of Guillory's 60-1507 motion within the 30-day limitation of K.S.A. 60-2103(a). Guillory responded, asserting that his untimely appeal should be permitted as an exception under *State v. Ortiz*, as the district court did not inform him of his right to appeal the decision denying his K.S.A. 60-1507 motion.

The Court of Appeals held none of the *Ortiz* exceptions applied and dismissed the appeal. We granted Guillory's petition for review.

## FOCUSING ON THE ISSUES

Kansas appellate courts have only such appellate jurisdiction as is provided by law. The filing of a timely notice of appeal is jurisdictional. Failure to file a timely notice of appeal requires dismissal of the untimely appeal. Exceptions to the requirement of dismissal of direct appeals have been recognized in the interest of fundamental fairness only in those cases where a criminal defendant either was not informed of the rights to appeal or was not furnished an attorney to perfect an appeal or was furnished an attorney for that purpose who failed to perfect and complete an appeal. *State v. Phinney*, 280 Kan. 394, Syl. ¶ 3, 122 P.3d 356 (2005). These three exceptions were first set forth in *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982), and are frequently referred to as the *Ortiz* exceptions. Interestingly, Ortiz himself was not permitted to file his direct appeal out of time from his sentence as he did not qualify for any of the exceptions. 230 Kan. at 736-37.

Guillory's 60-1507 motion filed herein sought leave to file a direct appeal of his sentence on the grounds: (1) he was never informed of his right to appeal his sentence; (2) he received ineffective assistance of counsel; (3) his attorney coerced him into

entering a guilty plea. He contended he came within the first *Ortiz* exception (failure to be informed of his right to appeal).

When presented with a K.S.A. 60-1507 motion, a district court has three options: First, it may determine that the motion, files, and records of the case conclusively show that the movant is entitled to no relief, in which case it will summarily deny the movant's motion. Second, the court may determine from the motion, files, and records that a substantial issue or issues are presented, requiring a full evidentiary hearing with the presence of the movant. Third, the court may determine that a potentially substantial issue or issues of fact are raised in the motion, supported by the files and records, and hold a preliminary hearing after appointment of counsel to determine whether in fact the issues in the motion are substantial. *Laymon v. State*, 280 Kan. 430, Syl. ¶ 1, 122 P.3d 326 (2005). The district court selected the first option. This is commonly referred to as the threshold determination. Noting the portion of the transcript showing the court had advised Guillory of his right of appeal, the court summarily dismissed the motion.

A motion for postconviction relief filed under K.S.A. 60-1507 is a civil proceeding and is governed by the rules of civil procedure. Supreme Court Rule 183(a) (2006 Kan. Ct. R. Annot. 227); *State v. Richardson*, 194 Kan. 471, 472-73, 399 P.2d 799 (1965). Accordingly, the procedure for appeal in a K.S.A. 60-1507 action is found in K.S.A. 60-2103(a), which requires an appeal to be filed within 30 days from the entry of judgment. A statutory exception exists where a party shows that, through excusable neglect, the party failed to learn of the entry of judgment. K.S.A. 60-2103(a). In addition, Kansas case law has recognized a "unique circumstances" exception which applies where an untimely filing of a notice of appeal was the result of the appellant's good faith reliance on the court's error in extending the time for filing the appeal when it had no authority to do so. See *Schroeder v. Urban*, 242 Kan. 710, 713-14, 750 P.2d 405 (1988). Guillory does not contend his untimely appeal meets either of these exceptions and, in fact, neither exception would apply in this case.

Rather, Guillory seeks to extend *Ortiz* to recognize an exception where an untimely appeal will be permitted from a 60-1507 motion which has been summarily denied and the defendant was not notified of the right to appeal. The claims in the 60-1507 motion relative to failure to inform him of his right to direct appeal from his sentence and ineffective assistance of counsel have been abandoned. The only issues before us are whether defendant can file an untimely appeal from the summary denial of his 60-1507 motion and, if so, was defendant's plea coerced by his attorney.

We turn to the first issue.

## SHOULD GUILLORY'S UNTIMELY APPEAL FROM THE DENIAL OF HIS 60-1507 MOTION BE PERMITTED?

Guillory does not deny that the exceptions set forth in *Ortiz* involved a direct appeal from a criminal conviction. Guillory argues, however, that because the district court did not inform him of his right to appeal from the denial of his K.S.A. 60-1507 petition, the principles of fundamental fairness that underlie *Ortiz* justify extending the first *Ortiz* exception to excuse his untimely appeal. He asserts that when a K.S.A. 60-1507 motion is summarily denied without counsel being appointed, the movant should either be informed of the right to appeal by the court or be permitted to appeal the denial out of time.

In support thereof he cites two cases where untimely civil appeals were permitted under authority of *Ortiz*. These cases are *Brown v. State*, 278 Kan. 481, 101 P.3d 1201 (2004), and *In re T.M.C.*, 26 Kan. App. 2d 297, 988 P.2d 241 (1999).

In the *Brown* case, Brown filed a pro se K.S.A. 60-1507 motion alleging ineffective assistance of trial counsel. The district court appointed counsel to represent Brown, held a nonevidentiary hearing, and denied the motion, all unbeknownst to Brown. *Brown*, 278 Kan. at 482. Brown's counsel failed to inform him of his appointment, of the hearing, of the court's decision, or of his right to appeal. Further, counsel did not file an appeal. 278 Kan. at 482.

Over 2 years later, Brown learned of the outcome of his case, and an untimely appeal was filed, along with a motion asking the

district court to permit the appeal. The district court denied the motion, citing *Robinson v. State*, 13 Kan. App. 2d 244, Syl. ¶ 4, 767 P.2d 851, *rev. denied* 244 Kan. 738 (1989) (holding there is no constitutional right to counsel or the effective assistance of counsel in a 60-1507 proceeding and, therefore, dismissal of a 1507 action because counsel failed to timely perfect appeal does not violate due process).

On appeal, the *Brown* court acknowledged that there is no constitutional right to effective assistance of counsel in postconviction collateral proceedings because they are civil, not criminal, actions. 278 Kan. at 483. However, because Kansas has provided a statutory right to counsel under certain circumstances in postconviction collateral proceedings, counsel appointed thereunder must perform competently and effectively. 278 Kan. at 483 (citing K.S.A. 2003 Supp. 22-4506[b] [requiring appointment of counsel where preliminary review of 60-1507 motion reveals substantial questions of law or triable issues of fact] and K.S.A. 2003 Supp. 22-4522[e][4] [suggesting standards of competence are required for appointed counsel]). Accordingly, the court held that counsel's failure to timely notify the movant of an adverse decision in the postconviction proceeding and of the right to appeal that decision resulted in denial of the movant's statutory right to effective assistance of counsel, entitling the movant to take his appeal out of time. 278 Kan. at 484-85.

In *In re T.M.C.*, the natural mother's court-appointed counsel failed to inform her that she had 30 days to file an appeal, and no appeal was filed within the allotted time. Later, the natural mother filed an application to appeal out of time, relying on *Ortiz*. The district court denied the application, holding that the *Ortiz* exceptions allowing a criminal defendant to appeal out of time did not apply in a parental rights termination proceeding. 26 Kan. App. 2d at 298.

On appeal, the Court of Appeals extended the fundamental fairness exception of *Ortiz* to allow an untimely appeal from an order terminating parental rights. The court's decision was based on the fact that parents in termination proceedings have both a constitutional and statutory right to appointed counsel. 26 Kan. App. 2d at

298-300 (citing K.S.A. 38-1505[b] and *In re Gault*, 387 U.S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428 [1967]).

Thus, both *Brown* and *In re T.M.C.* involved situations where the person seeking the untimely appeal had statutorily mandated appointed counsel and the appointed counsel failed to advise the client of the client's statutory right of appeal. In the *In re T.M.C.* case, the mother also had a constitutional right to counsel through-out the proceeding. Ineffective assistance of counsel who were ap-pointed pursuant to statutory mandate lies at the heart of the *Brown* and *In re T.M.C.* extensions of the *Ortiz* exceptions.

A fatal flaw in Guillory's argument is that the first *Ortiz* excep-tion, excusing an untimely notice of appeal where the defendant was not informed of the right to appeal, was based on the fact that a criminal defendant has a statutory right to be advised of his or her right to a direct appeal. K.S.A. 22-3424(f) requires the sen-tencing court to inform criminal defendants of the right to appeal. See *Phinney*, 280 Kan. at 402 (discussing K.S.A. 22-3424(f), which requires trial court to advise defendant in a criminal case of right to appeal, and noting *State v. Willingham*, 266 Kan. 98, 100-01, 967 P.2d 1079 [1998], and *Ortiz* indicate fundamental fairness re-quires that criminal defendant be advised of rights to direct ap-peal). In contrast, there is no statutory requirement that the district court advise a K.S.A. 60-1507 movant of the right to appeal the decision on his or her motion.

The fundamental fairness principle underlying all three excep-tions recognized in *Ortiz* and its progeny is based on the facts that the defendant's failure to timely appeal was the result of being deprived of a right to which he or she was entitled by law: the statutory right to be advised of the right to appeal; the statutory right to be provided an attorney to file an appeal; or the right to have the appointed attorney perform effectively in perfecting the appeal.

There is no statutory right to counsel at the district court level stage for indigent K.S.A. 60-1507 movants until they meet the threshold showing of substantial legal issues or triable issues of fact. Movants who fail to meet this threshold do have a statutory right

to appointment of counsel on appeal but not until after a notice of appeal has been filed.

"If an appeal is taken in such action and if the trial court finds that the petitioner or movant is an indigent person, the trial court shall appoint counsel to conduct the appeal, order that the appellant be supplied with a record of the proceedings or so much thereof as such counsel determines to be necessary and order that the deposit of security for costs be waived." K.S.A. 2006 Supp. 22-4506(c).

As far as the filing of a timely notice of appeal is concerned, a pro se K.S.A. 60-1507 movant is in the same position as all other pro se civil litigants and is required to be aware of and follow the rules of procedure that apply to all civil litigants, pro se or represented by counsel. *Mangiaracina v. Gutierrez*, 11 Kan. App. 2d 594, Syl. ¶ 1, 730 P.2d 1109 (1986).

We conclude we have no jurisdiction in this untimely appeal from a district court's summary denial of the K.S.A. 60-1507 motion, and the appeal must be dismissed.

Having concluded that this appeal must be dismissed for lack of jurisdiction, we do not reach the issue of whether defendant was coerced by his attorney into entering his plea of nolo contendere.

The appeal is dismissed.

DAVIS, J., not participating.

MCANANY, J., assigned.