NOT DESIGNATED FOR PUBLICATION

No. 116,748

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

PERRY L. PARKS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL GROSKO, judge. Opinion filed September 29, 2017. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Adam Sokoloff*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MCANANY, P.J., STANDRIDGE, J., and WALKER, S.J.


PER CURIAM: Perry L. Parks appeals the district court's summary denial of his second K.S.A. 60-1507 motion as untimely and successive. Upon review of the record, we agree with the district court's finding that the motion was untimely; accordingly, we affirm.

1

FACTS

In 2008, a jury convicted Parks of one count each of first-degree murder and aggravated robbery. The district court sentenced Parks to lifetime imprisonment for first-degree murder and to a consecutive 247-month prison sentence for aggravated robbery. His convictions and sentence were upheld on direct appeal. See *State v. Parks*, 294 Kan. 785, 280 P.3d 766 (2012).

In May 2013, Parks filed a K.S.A. 60-1507 motion. It appears the district court summarily denied the motion in June 2013. Neither the motion nor the district court's ruling is included in the record on appeal. Parks appealed from the summary decision to deny his motion.

While the denial of Parks' 60-1507 motion was pending on appeal, he filed a second 60-1507 motion on November 13, 2014. In Parks' second motion, he alleged a variety of trial errors as well as multiple claims of ineffective assistance of counsel. Without holding a hearing, the district court summarily denied Parks' motion on grounds that it was untimely and successive, noting that Parks had not alleged the manifest injustice or exceptional circumstances required to warrant review of the motion. Parks later filed a motion to alter or amend the judgment and a motion for reconsideration, both of which were denied by the district court. Parks filed this appeal.

ANALYSIS

Parks argues the district court erred in summarily denying his K.S.A. 60-1507 motion as untimely and successive. To be entitled to relief under K.S.A. 2016 Supp. 60-1507, the movant must establish by a preponderance of the evidence "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement

of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 2016 Supp. 60-1507(b); Supreme Court Rule 183(g) (2017 Kan. S. Ct. R. 222).

To avoid the summary denial of a motion brought under K.S.A. 2016 Supp. 60-1507, a movant bears the burden of establishing he or she is entitled to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory, and the movant must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. If such a showing is made, the court is required to hold a hearing, unless the motion is a second or successive motion seeking similar relief. When the district court summarily denies a 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

*Timeliness*

A motion filed under K.S.A. 2016 Supp. 60-1507 must be filed within one year of

"(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or

"(B) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition." K.S.A. 2016 Supp. 60-1507(f)(1).

The one-year time limitation may be extended "only to prevent a manifest injustice." K.S.A. 2016 Supp. 60-1507(f)(2). Manifest injustice has been defined as "'obviously unfair'" or "'shocking to the conscience.'" *Ludlow v. State*, 37 Kan. App. 2d 676, 686, 157 P.3d 631 (2007). Until recently, manifest injustice was determined by considering the totality of the circumstances as articulated in *Vontress v. State*, 299 Kan.

607, 616, 325 P.3d 1114 (2014). But the Kansas Legislature amended K.S.A. 60-1507 in 2016 to limit the manifest injustice inquiry "to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2016 Supp. 60-1507(f)(2)(A). Other panels of our court have held that the amendment applies retroactively because the change to the statute is procedural rather than substantive. See, e.g., *State v. Phoenix*, No. 115,694, 2017 WL 1826048, at *3 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* June 5, 2017; *Olga v. State*, No. 115,334, 2017 WL 840296, at *3 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* April 3, 2017; *Perry v. State*, No. 115,073, 2017 WL 462659, at *3 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* March 2, 2017. While these opinions are unpublished, we consider the rationale to be persuasive and adopt the holding as our own. Because we find the 2016 statutory amendment is to be applied retroactively, any consideration of manifest injustice must be limited to assessing why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence.

Final disposition of Parks' underlying criminal case occurred on August 13, 2012, when the mandate issued. It appears Parks filed his first 60-1507 motion before the one-year statutory time limitation expired on August 13, 2013. He did not file the motion at issue here until November 13, 2014, well over a year after that deadline.

Parks argues that an extension of the time limitation is necessary to prevent manifest injustice in this case, even though he filed his second 60-1507 motion well beyond one year of the termination of appellate jurisdiction. Relying on the factors set forth in *Vontress*, Parks asserts that his motion was not untimely because he mistakenly believed he could file a second 60-1507 motion with the district court while his first motion was pending on appeal. Although Parks filed his motion pro se, "a pro se K.S.A. 60-1507 movant is in the same position as all other pro se civil litigants and is required to be aware of and follow the rules of procedure that apply to all civil litigants, pro se or

4

represented by counsel." *Guillory v. State*, 285 Kan. 223, 229, 170 P.3d 403 (2007). Parks' assertion—that the reason he failed to file his second K.S.A. 60-1507 motion was because he misunderstood the statutory time limitation—does not qualify as a circumstance where a refusal to extend the deadline for filing his motion would be obviously unfair or shocking to the conscience. And Parks does not present a claim of actual innocence. Thus, we find Parks has failed to establish manifest injustice to justify his untimely K.S.A. 60-1507 motion and the district court did not err in summarily dismissing Parks' motion. Given this finding, we deem it unnecessary to review Parks' claim that the district court erred in denying his motion on grounds that it was successive.

Affirmed.