NOT DESIGNATED FOR PUBLICATION

No. 119,018

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

WON I. KIM,
*Appellant*,

v.

ELDER ALBERTO CANALES-MARTINEZ,
*Appellee*.


MEMORANDUM OPINION

Appeal from Johnson District Court; ROBERT G. SCOTT, judge. Opinion filed October 26, 2018. Affirmed.

*Won I. Kim*, appellant pro se.

No appearance by appellee.

Before STANDRIDGE, P.J., MALONE, J., and STUTZMAN, S.J.


PER CURIAM: Won I. Kim appeals the district court's decision denying his petition for protection from stalking. Although we will do our best to address the claims Kim brings in this appeal, we are unable to grant him any relief because he has failed to designate a sufficient record to support his claims.

The record on appeal is sparse and includes no transcripts of any hearings in district court. The best we can discern from the record is that Kim and Elder Alberto Canales-Martinez are neighbors. Kim claims that Canales-Martinez' children often harassed him. Kim believes that Canales-Martinez and his family are illegal immigrants

1

who devalued his home by living next to him. He seeks $19,647.78 in damages stemming from emotional distress caused by the children's alleged harassment and a car wreck the children supposedly caused. Apparently because of this alleged harassment, Kim filed a petition seeking protection from stalking from Canales-Martinez.

On February 6, 2018, the district court held a hearing on Kim's petition. We have no transcript of the hearing, even though the district court's order states that a hearing was held, that Kim appeared in person, and that Caneles-Martinez appeared with counsel. According to the bench notes from the hearing, which are included in the record, Kim told the court that he was never assaulted and that he was never in fear of Canales-Martinez. The district court denied the petition and filed an order stating: "Lack of proof of the allegations by a preponderance of the evidence because the actions complained of are not stalking as defined by the statute." Kim timely filed a notice of appeal.

Kim's brief on appeal is difficult to understand. At one point, he seems to argue that the district court prohibited him from presenting his case at the hearing. At another point, he argues that the district court made an error of law by confusing two statutes. The remainder of Kim's brief alternates between copied and pasted statutes and copied and pasted orders from the district court. Canales-Martinez has filed no brief on appeal.

The burden is on Kim, as the appealing party, to designate facts in the record to support his claims; without such a record, any claim of error fails. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644-45, 294 P.3d 287 (2013). As part of that burden, it is Kim's duty to provide us with hearing transcripts to support all claims when necessary. See Supreme Court Rule 3.03(a) (2018 Kan. S. Ct. R. 22); see also K.S.A. 60-2104 (stating that Supreme Court rules control the content and preparation of the appellate record). Finally, the law requires us to hold Kim to the same standards as attorneys; he must follow all court rules as well as the rules of civil procedure. *Guillory v. State*, 285 Kan. 223, 229, 170 P.3d 403 (2007).

Here, the district court found that Kim failed to meet his burden of proof to establish stalking. Generally, our court would review the district court's decision to determine if it is supported by substantial competent evidence in the record. Substantial competent evidence is "evidence which possesses both relevance and substance and which furnishes a substantial basis of fact from which the issues can reasonably be resolved." *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 73, 350 P.3d 1071 (2015). Without a transcript of the February 6, 2018 hearing, we cannot possibly apply our standard of review to determine whether Kim is entitled to any relief on appeal.

Although we have no hearing transcript, the magistrate judge's bench notes are included in the record on appeal. According to the bench notes, Kim told the court that he was never assaulted and that he was never in fear of Canales-Martinez. "Stalking" is defined as "an intentional harassment of another person that places the other person in reasonable fear for that person's safety." K.S.A. 2017 Supp. 60-31a02(b). Because reasonable fear is an element of stalking, it would appear that the district court correctly found that the actions Kim complained about were not stalking as defined by the statute. So based on the record we do have, we conclude that the district court properly denied Kim's petition and he is not entitled to any relief in this appeal.

Affirmed.