NOT DESIGNATED FOR PUBLICATION

No. 121,993

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

NOBLE LEROY JOHNSON,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Butler District Court; CHARLES M. HART, judge. Opinion filed June 12, 2020.
Affirmed.

*Joshua S. Andrews*, of Cami R. Baker & Associates, P.A., of Augusta, for appellant.

*Cheryl M. Pierce*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., HILL and ATCHESON, JJ.

PER CURIAM: In 1976, Noble Leroy Johnson was convicted of two counts of first-degree murder and sentenced to two consecutive terms of life in prison. Johnson appealed, raising a number of issues. The Kansas Supreme Court affirmed. *State v. Johnson*, 223 Kan. 237, 573 P.2d 994 (1977). That decision was handed down on December 10, 1977, and the mandate was filed with the Butler County District Court on February 6, 1978.

Over the next four decades, Johnson filed numerous pro se motions asserting various grounds for relief under K.S.A. 60-1507. All of those motions were denied and

1

those denials were upheld by various panels of this court in the cases that Johnson appealed.

Johnson filed the pro se motion at issue here on September 13, 2018, and supplemented it with a second filing later that same day. Johnson acknowledged his claim was untimely but argued that it should be allowed to proceed because he was convicted under a fatally flawed complaint.

The district court held a preliminary hearing on Johnson's motion on May 30, 2019, where the sole issue was whether Johnson had demonstrated the manifest injustice necessary to justify his untimely filing. Johnson testified on his own behalf and claimed that he filed his motion out of time because he only recently became aware of the caselaw relevant to his motion. He also claimed that he was actually innocent of his crimes of conviction because: (1) The newly discovered caselaw demonstrated that he was prosecuted and convicted under a fatally flawed complaint and (2) he did not remember doing anything. The district court was not persuaded by Johnson's claims and denied his motion on the grounds that it was untimely filed and that he failed to demonstrate the manifest injustice necessary to justify his untimeliness. Johnson appeals, claiming that he established the requisite manifest injustice and is therefore entitled to a full evidentiary hearing on his 60-1507 motion.

Johnson argues the district court erred when it denied his K.S.A. 60-1507 motion as untimely without holding a full evidentiary hearing. When we review rulings on 60-1507 motions, the standard of review varies depending on what procedure the district court used. A district court may follow one of three procedural paths:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in

which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.'" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014) (quoting *Fischer v. State*, 296 Kan. 808, 822-23, 295 P.3d 560 [2013]).

Here, the district court took the second path. So to the extent the district court made findings of fact, we review those findings to determine whether they are supported by substantial competent evidence and whether they suffice to support the district court's conclusions of law. "'Substantial competent evidence is legal and relevant evidence a reasonable person could accept to support a conclusion.'" *State v. Talkington*, 301 Kan. 453, 461, 345 P.3d 258 (2015). We do not reweigh evidence, make credibility determinations, or resolve conflicts in evidence and we give great deference to a district court's factual findings. 301 Kan. at 461. To the extent the district court made only conclusions of law, we review those decisions using a de novo standard. *Bellamy v. State*, 285 Kan. 346, 355, 172 P.3d 10 (2007); see *Holmes v. State*, 292 Kan. 271, 274, 252 P.3d 573 (2011).

A defendant has one year from when a conviction becomes final to file a motion under K.S.A. 60-1507. See K.S.A. 2019 Supp. 60-1507(a), (f)(1). That one-year time limitation may be extended by the district court, but only to prevent a manifest injustice. K.S.A. 2019 Supp. 60-1507(f)(2). For purposes of determining the existence of manifest injustice, the district court is only allowed to consider the following two factors: (1) Why the motion was not filed within the one-year time limit and (2) whether the movant makes a colorable claim of actual innocence. The term actual innocence requires the movant to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence. K.S.A. 2019 Supp. 60-1507(f)(2)(A).

Johnson readily concedes he did not file his current 60-1507 motion within the one-year statutory period. So the question presented is whether the district court's

3

decision to deny Johnson's motion as untimely resulted in a manifest injustice. See K.S.A. 2019 Supp. 60-1507(f).

As to the first factor, Johnson claims he failed to file his 60-1507 motion within the one-year statutory period because he only recently became aware of *United States v. Denmon*, 483 F.2d 1093 (8th Cir. 1973), the holding of which will establish that he was prosecuted under a fatally flawed complaint because it failed to alleged that he committed his crimes acted "knowingly, unlawfully, and willfully." That alone, he argues, is enough to provide a substantial and compelling reason or circumstance that justifies his untimely filing. But Johnson misconstrues the holding in *Denmon*. Rather than holding that a complaint is fatally flawed in the absence of an allegation that a defendant acted knowingly, unlawfully, and willfully, the *Denmon* court held that a complaint must allege a criminal intent when a defendant's mental state is an essential element of an offense. 483 F.2d at 1095. And the amended information in Johnson's underlying criminal case satisfied that requirement when it alleged that he acted "deliberately, with premeditation and malice."

But regardless of its holding, the date the *Denmon* decision was issued is what is fatal to Johnson's claim here. *Denmon* was issued in 1973, long before Johnson's one-year deadline for filing his K.S.A. 6-1507 motion expired and three years before Johnson committed his underlying crimes of conviction in 1976. That he only recently may have learned about the case does not excuse his tardiness and falls far short of providing a substantial and compelling reason to justify his untimely filing. See *Guillory v. State*, 285 Kan. 223, 229, 170 P.3d 403 (2007) ("[A] pro se K.S.A. 60-1507 [movant] is in the same position as all other pro se civil litigants and is required to be aware of and follow the rules of procedure that apply to all civil litigants, pro se or represented by counsel."). Indeed, panels of this court routinely hold that a 60-1507 movant's lack of knowledge of legal issues or ignorance of the law does not establish manifest injustice. See, e.g., *Harris v. State*, No. 120,942, 2020 WL 1482424, at *3 (Kan. App. 2020) (unpublished opinion),

4

*petition for rev. filed* April 24, 2020; *Martinez v. State*, No. 120,488, 2019 WL 6798971, at *3 (Kan. App. 2019) (unpublished opinion), *petition for rev. filed* January 3, 2020; *Gaona v. State*, No. 119,244, 2019 WL 1496295, at *4 (Kan. App. 2019) (unpublished opinion), *rev. denied* 310 Kan. 1061 (2019). We believe those cases are well reasoned. Accordingly, we find Johnson's lack of legal knowledge does not amount to manifest injustice.

Regarding the second factor, Johnson argues that he has a colorable claim of actual innocence because he does not remember doing any of the unlawful acts with which he was charged. We are not persuaded by this argument. Johnson's lack of memory is insufficient to show that it is more likely than not that no reasonable juror would have convicted him. See K.S.A. 2019 Supp. 60-1507(f)(2)(A).

The district court's factual findings are supported by substantial competent evidence and those findings, in conjunction with our de novo review of the legal standards applied, support the district court's conclusion of law that Johnson's motion was untimely filed and that he failed to demonstrate the manifest injustice necessary to justify his untimeliness.

Affirmed.