NOT DESIGNATED FOR PUBLICATION

No. 122,245

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MILO A. JONES,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed March 12, 2021. Affirmed.

*Joshua S. Andrews*, of Cami R. Baker & Associates, P.A., of Augusta, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., GREEN and ATCHESON, JJ.


PER CURIAM: Milo A. Jones has appealed the Sedgwick County District Court's denial of his habeas corpus motion challenging his convictions in two criminal cases from decades ago. The district court summarily denied the motion under K.S.A. 60-1507 as untimely. We find no error and affirm.


Jones drafted the motion, and it was filed in the district court in February 2019. Jones attacks his conviction on a guilty plea in a 1991 case for sale of cocaine. The underlying criminal case would have concluded in the mid-1990s. He also attacks his

1

conviction in a 1998 case in which he pleaded guilty to one count of aggravated robbery and no contest to two additional counts of aggravated robbery. That case would have become final about 20 years ago.

Jones had other criminal cases and convictions from 1998, and he has periodically filed motions for various forms of relief in them. So he is no stranger to the world of postconviction litigation.

A district court may summarily deny a 60-1507 motion if the claims in the motion and the record in the underlying criminal case conclusively show the movant is entitled to no relief. The district court need not appoint a lawyer for the movant or hold a hearing on the motion. We review a summary denial without deference to the district court's ruling. *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007).

Under K.S.A. 60-1507(f), a defendant must file a habeas corpus motion no later than one year after the conclusion of the direct criminal case. The statute provides an exception to the one-year deadline if the defendant can show "manifest injustice" reflected in either the reason the motion was filed late or "actual innocence," meaning a likelihood "no reasonable juror would have convicted [movant] *in light of new evidence*." (Emphasis added.) K.S.A. 2020 Supp. 60-1507(f)(2)(A).

Jones asserts he did not fully understand his right to appeal as the reason for his untimely 60-1507 motion. The explanation fails to satisfy the exception in K.S.A. 2020 Supp. 60-1507(f)(2)(A). Jones does not link his purported ignorance about the appellate process for direct criminal appeals to the exceptionally late filing of his 60-1507 motion. And we see no apparent connection that would excuse a delay measured in decades. More generally, ignorance of the law does not equate to manifest injustice triggering the exception to the one-year time limit. See *Dotson v. State*, No. 122,694, 2020 WL 6935593, at *3 (Kan. App.) (unpublished opinion), *petition for rev. filed* December 23,

2

2020; *Harris v. State*, No. 120,942, 2020 WL 1482424, at *3 (Kan. App.) (unpublished opinion), *rev. denied* 312 Kan. ___ (September 30, 2020). Likewise, litigants filing their own legal papers are expected to know and follow the applicable procedural rules—a principle the Kansas Supreme Court has applied to 60-1507 motions. *Guillory v. State*, 285 Kan. 223, 229, 170 P.3d 403 (2007); see also *Harris*, 2020 WL 1482424, at *3 (quoting *Guillory*, 285 Kan. at 229). Jones makes no headway on that score.

Jones alternatively argues the district court should have considered the merits of his 60-1507 because he had made the required showing of likely actual innocence. We disagree. Jones asserted he was not guilty in the underlying cases because the facts did not support the charges, and he identifies circumstances known to him as a participant in the acts. Those representations fail to show actual innocence based on "new evidence" as required under K.S.A. 2020 Supp. 60-1507(f)(2)(A). Jones was aware of that information from the outset, so it cannot be new. He chose to plead in those cases rather than go to trial notwithstanding knowledge he now says would have supported a colorable defense if accepted by a jury. Jones may not rely on that information to undercut reasoned choices he made decades ago to forego trial and enter pleas he then considered advantageous.

The district court correctly denied Jones' 60-1507 motion as untimely and properly did so summarily.

Affirmed.