NOT DESIGNATED FOR PUBLICATION

No. 122,835

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

NATHAN A. LONGBINE,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; MICHAEL J. HOELSCHER, judge. Opinion filed May 7, 2021. Affirmed.


*Mark Sevart*, of Derby, for appellant.


*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MALONE, P.J., ATCHESON, J., and BURGESS, S.J.

PER CURIAM: In keeping with a plea agreement, Nathan A. Longbine pled guilty to one count of attempted rape and one count attempted aggravated criminal sodomy. After sentencing, Longbine moved to withdraw his pleas twice, and the district court denied both. Longbine then filed a K.S.A. 60-1507 motion, alleging his trial counsel was ineffective and his counsel's actions violated his speedy trial rights. The district court summarily denied the motion as untimely.

1

On appeal, Longbine mostly argues the merits of his motion but briefly argues he did not meet the time limitation because he did not know the law. A movant must affirmatively establish manifest injustice, and numerous decisions of this court have determined that ignorance of the law does not establish manifest injustice. The district court properly dismissed Longbine's motion for being untimely.

FACTUAL AND PROCEDURAL BACKGROUND

In keeping with a plea agreement, Longbine agreed to plead guilty to one count of attempted rape, in violation of K.S.A. 21-3301 and K.S.A. 21-3502(a)(2) and (c), and one count attempted aggravated criminal sodomy, in violation of K.S.A. 21-3301 and K.S.A. 21-3506(a)(1) and (c), for crimes committed between December 2007 and April 2008. Before entering his guilty pleas, Longbine moved for new appointed counsel with his primary contention being he had been denied his right to effective counsel because counsel "asked for continuances without [his] approval" or knowledge. The district court denied the motion after a hearing. Upon entering his guilty pleas, the district court sentenced Longbine to 234 months' imprisonment with lifetime postrelease supervision. On direct appeal, a panel of our court affirmed, finding there was no sentencing error. But then our Supreme Court granted review and issued a dispositional order affirming Longbine's sentence but vacating the district court's order imposing lifetime electronic monitoring. See *State v. Longbine*, No. 102,993, 2010 WL 4668347 (Kan. App. 2010) (unpublished opinion), *rev. granted* 293 Kan. 1111 (2011), dispositional Sup. Ct. order dated October 7, 2011. The mandate was issued October 12, 2011.

Longbine first sought to withdraw his pleas in September 2012, alleging he was innocent and claimed his plea was not understandably made because the district court did not inform him that he had the right "to a jury determination of the aggravating . . . factors" and manifest injustice existed because of ineffective assistance of trial counsel. Longbine claimed his trial counsel was ineffective because counsel coerced him into

taking a plea. The district court summarily denied Longbine's motion for failing to
present any substantial issues of fact or law and adopted the State's findings of fact and
conclusions of law. The district court also found Longbine did not present a substantial
question of fact sufficient to justify an evidentiary hearing. This court affirmed the
district court's holding, finding Longbine's factual basis was insufficient, the district court
substantially complied with the statutory requirements, and Longbine's pleas "were
voluntarily, knowingly, and intelligently entered with a full knowledge and understanding
of the consequences of his guilty pleas." *State v. Longbine*, No. 110,464, 2014 WL
5347344, at *8 (Kan. App. 2014) (unpublished opinion).

A little over four years after filing his first postsentencing motion, Longbine filed
a second motion to withdraw his guilty pleas in November 2016. The district court denied
this motion as well, finding the motion was untimely and that Longbine failed to establish
excusable neglect. The district court also found res judicata bars reconsideration of
Longbine's arguments. Longbine appealed, and a panel of this court affirmed the district
court's summary dismissal of his November 2016 motion to withdraw his pleas. *State v.
Longbine*, No. 117,758, 2018 WL 3193907, at *2 (Kan. App. 2018) (unpublished
opinion).

On December 26, 2018, Longbine filed a K.S.A. 60-1507 motion, arguing the
State violated his right to a speedy trial and his right to be present for continuances, his
trial counsel agreed to continuances without his approval, and his appellate counsel was
ineffective for failing to raise these issues on appeal. The State responded on May 14,
2019, arguing the motion should be denied as untimely because Longbine failed to
establish manifest injustice.

The next day, on May 15, 2019, the district court summarily denied the motion as
untimely, finding Longbine failed to demonstrate manifest injustice to excuse the
untimely filing. One week after the district court's order was filed, Longbine filed a

3

response to the State's response. In it, Longbine made broad claims that he "had little to no knowledge" of the law, his appellate attorney was ineffective because he "failed to raise such meritorious issues on direct appeal," and any delay caused by a continuance should not count toward his speedy trial calculations because he "did not acquiesce in a continuance sought by defense counsel." The district court summarily denied Longbine's motion without a hearing because he failed to present a substantial question of law or fact, the motion was untimely, and he did not make a showing of manifest injustice to excuse the untimely filing.

Longbine timely filed this appeal.

ANALYSIS

Longbine argues the district court erred in summarily dismissing his K.S.A. 60-1507 motion because he established his trial counsel's ineffective assistance led to a speedy trial violation. Longbine briefly addresses the timeliness issue but primarily argues the merits of his motion. The State argues the district court properly found Longbine's motion was untimely and failed to establish manifest injustice.

A district court has three options when handling a K.S.A. 60-1507 motion:

"'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citations omitted.]" *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018).

4

When the district court summarily dismisses a K.S.A. 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

To be entitled to relief under K.S.A. 60-1507, the movant must establish by a preponderance of the evidence either: (1) "the judgment was rendered without jurisdiction"; (2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack"; or (3) "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 2020 Supp. 60-1507(b) (grounds for relief); Supreme Court Rule 183(g) (2021 Kan. S. Ct. R. 239) (preponderance burden).

To avoid the summary denial of a motion brought under K.S.A. 60-1507, a movant bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory, and the movant must either set forth an evidentiary basis to support those contentions or the basis must be evident from the record. If such a showing is made, the court is required to hold a hearing unless the motion is a "'second'" or "'successive'" motion seeking similar relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014) (quoting *Holmes v. State*, 292 Kan. 271, 274, 252 P.3d 573 [2011]); see also *Littlejohn v. State*, 310 Kan. 439, Syl., 447 P.3d 375 (2019) ("An inmate filing a second or successive motion under K.S.A. 60-1507 must show exceptional circumstances to avoid having the motion dismissed as an abuse of remedy."); *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015) (applying initial pleading requirements when reviewing denial of posttrial, presentencing motion for ineffective assistance of counsel).

A defendant has one year from when a conviction becomes final to file a motion under K.S.A. 60-1507(a). K.S.A. 2020 Supp. 60-1507(f)(1). This one-year time limitation

5

may be extended by the district court only to prevent manifest injustice. K.S.A. 2020 Supp. 60-1507(f)(2). A defendant who files a motion under K.S.A. 60-1507 outside the one-year time limitation in K.S.A. 60-1507(f) and fails to affirmatively assert manifest injustice is procedurally barred from maintaining the action. *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013).

For the purposes of finding manifest injustice, the Legislature has specified "the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2020 Supp. 60-1507(f)(2)(A). Courts are to dismiss a motion as untimely filed if after inspection of the motion, files, and records of the case, the court determines that the time limitations have been exceeded and that dismissing the motion would not equate with manifest injustice. K.S.A. 2020 Supp. 60-1507(f)(3).

Under K.S.A. 60-1507(f)(1), Longbine had one year to timely file his K.S.A. 60-1507 motion. The mandate in Longbine's direct appeal was issued on October 12, 2011, and his K.S.A. 60-1507 motion was filed on December 26, 2018—nearly six years after his convictions became final. As a result, the time limitation can be extended only if Longbine can prove the extension would prevent manifest injustice. See K.S.A. 2020 Supp. 60-1507(f)(2).

In his motion, Longbine did not assert a manifest injustice argument, nor did he acknowledge the untimeliness of the motion. On appeal, Longbine concedes the district court did not reach the merits of his motion because it "rejected the KSA 60-1507 petition as untimely filed," but maintains "there never was any inquiry into why the Petition was not filed within 1 year of the mandate . . . . Had the court performed an inquiry, [Longbine] could have expanded on his basis for allowing the Petition to survive the 1 year time limit." He offers no support for the proposition that the court is required to make such inquiry.

Longbine also claims he "did try to set out a reason for the delay in his reply to the State's Response but it was never considered." He added that in his reply he "explained that he had limited legal knowledge and was relying on his Court Appointed Attorneys to explain the law to him."

A defendant who files a motion under K.S.A. 60-1507 outside the one-year time limitation and fails to affirmatively assert manifest injustice is procedurally barred from maintaining the action. *Trotter*, 296 Kan. at 905. Moreover, Kansas courts have consistently held a lack of knowledge or ignorance of the law does not establish manifest injustice. See *Guillory v. State*, 285 Kan. 223, 229, 170 P.3d 403 (2007) ("[A] pro se K.S.A. 60-1507 [movant] is in the same position as all other pro se civil litigants[] and is required to be aware of and follow the rules of procedure that apply to all civil litigants, pro se or represented by counsel."); see also *Harris v. State*, No. 120,942, 2020 WL 1482424, at *3 (Kan. App.) (unpublished opinion) ("It is well settled that ignorance of the law does not constitute manifest injustice."), *rev. denied* 312 Kan. ___ (September 30, 2020); *Martinez v. State*, No. 120,488, 2019 WL 6798971, at *3 (Kan. App. 2019) (unpublished opinion) ("A prisoner's lack of legal knowledge, training, and familiarity with the rules of procedure fails to meet that standard."), *rev. denied* 311 Kan. 1046 (2020); *Gaona v. State*, No. 119,244, 2019 WL 1496295, at *4 (Kan. App.) (unpublished opinion) (same), *rev. denied* 310 Kan. 1061 (2019).

Longbine did not affirmatively assert manifest injustice and therefore he is procedurally barred from maintaining this action. Given Longbine offered no substantive evidence why he did not timely file his K.S.A. 60-1507 motion, he did not meet his burden of proving the extension of the one-year deadline would prevent manifest injustice. As a result, the district court did not err in summarily dismissing Longbine's K.S.A. 60-1507 motion.

Affirmed.