NOT DESIGNATED FOR PUBLICATION

No. 127,562

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TENISHA M. THOMAS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Montgomery District Court; DARYL D. AHLQUIST, judge. Submitted without oral argument. Opinion filed February 14, 2025. Affirmed.

*Grace E. Tran*, of Kansas Appellate Defender Office, for appellant.

*Tyler W. Winslow*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before HURST, P.J., ATCHESON and ISHERWOOD, JJ.

PER CURIAM: Tenisha Marie Thomas appeals the Montgomery County District Court's denial of her untimely habeas corpus motion for relief from her pleas and sentences in three criminal cases handled together. The district court appointed a lawyer for Thomas and held an evidentiary hearing on whether a statutorily defined "manifest injustice" would excuse the late filing of her motion under K.S.A. 2018 Supp. 60-1507(f)(2)(A). The district court found Thomas could not establish an exception to the 1-year time bar for filing 60-1507 motions. The district court, therefore, denied the motion. We agree and affirm the district court's ruling.

1

In a negotiated arrangement with the State in the criminal cases, Thomas pleaded no contest in February 2016 to a reduced charge of attempted reckless second-degree murder in one case and a charge of criminal threat in a second case. As part of the deal, she also stipulated to a probation violation in an earlier case in which she had been convicted of aggravated assault. The district court ordered Thomas to serve a controlling sentence of 187 months in prison. Thomas did not appeal in any of those cases.

Thomas filed her habeas corpus motion in September 2018. As everyone agrees, the filing was past the 1-year time limit in K.S.A. 2018 Supp. 60-1507(f)(1)(A). But the statute permits a late filing to avert "a manifest injustice," entailing either "a colorable claim of actual innocence" or a compelling reason for missing the 1-year deadline. K.S.A. 2018 Supp. 60-1507(f)(2). The district court appointed a lawyer to represent Thomas on her 60-1507 motion and held an evidentiary hearing in 2019 to give her the opportunity to prove a manifest injustice. Thomas was the only witness to testify at the hearing, and the district court promptly filed a written ruling finding no manifest injustice and denying the 60-1507 motion as untimely. In 2024, we permitted Thomas to file a late appeal of the district court's decision, and that is what we now have in front of us.

In reviewing the denial of a 60-1507 motion after an evidentiary hearing, we accept the district court's findings of fact to the extent they are supported with substantial competent evidence. But we exercise unlimited review of the determinative legal issues. *Bellamy v. State*, 285 Kan. 346, 355, 172 P.3d 10 (2007). Here, the district court heard evidence on only the manifest injustice exception to the statutory time bar. And that represents a dispositive issue.

At the hearing on her 60-1507 motion, Thomas admitted she committed the acts giving rise to the charges on which she was convicted. Her testimony necessarily precluded a finding of manifest injustice based on actual innocence. Thomas testified she filed the 60-1507 motion in September 2018 after talking with other inmates at the prison

where she was serving her sentence. She said she did not realize she could file a 60-1507 motion until the other inmates told her about habeas corpus proceedings. We have consistently recognized that ignorance of the law does not constitute manifest injustice that would excuse an untimely 60-1507 motion. See *McKinnis v. State*, No. 125,982, 2024 WL 1694895, at *4 (Kan. App. 2024) (unpublished opinion); *Jones v. State*, No. 122,245, 2021 WL 936020, at *1 (Kan. App. 2021) (unpublished opinion); *Dotson v. State*, No. 122,694, 2020 WL 6935593, at *3 (Kan. App. 2020) (unpublished opinion); *Harris v. State*, No. 120,942, 2020 WL 1482424, at *3 (Kan. App. 2020) (unpublished opinion). Likewise, litigants filing their own legal papers are expected to know and follow the applicable procedural rules—a principle the Kansas Supreme Court has applied to 60-1507 motions. *Guillory v. State*, 285 Kan. 223, 229, 170 P.3d 403 (2007); see *Harris*, 2020 WL 1482424, at *3 (quoting *Guillory*, 285 Kan. at 229).

Not to put too fine a point on it, that's the end of the matter. The hearing record supports the district court's determination Thomas failed to prove a manifest injustice excusing the late filing of her 60-1507 motion. The district court came to the correct legal conclusion. While Thomas outlined various complaints about the lawyer representing her in the underlying criminal cases, including being pressured into accepting the negotiated plea arrangement, those assertions have no direct relevance to the manifest injustice exception and the district court's ruling on the exception.

Affirmed.