NOT DESIGNATED FOR PUBLICATION

No. 123,624

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

HERMAN RAY LANDERS JR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION


Appeal from Shawnee District Court; STEVEN R. EBBERTS, judge. Opinion filed March 11, 2022. Affirmed.

*Cooper Overstreet*, of The David Law Office LLC, of Lawrence, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., HILL and ISHERWOOD, JJ.

PER CURIAM: Herman Ray Landers Jr. appeals the district court's summary denial of his K.S.A. 60-1507 motion. Because Landers' claims have already been decided and are time barred, we affirm.

*Factual and Procedural Background*

In 2011, Landers pleaded guilty in case No. 10 CR 2220 to attempted robbery and conspiracy to commit robbery. The district court sentenced Landers to 39 months' incarceration but granted him 24 months' probation. Landers did not file a direct appeal from this conviction or sentence.

1

Landers was arrested again in 2012, for aggravated robbery, aggravated burglary, and criminal possession of a firearm. The State charged Landers in case No. 12 CR 880, the criminal case underlying the current K.S.A. 60-1507 motion. Landers ultimately pleaded no contest in 12 CR 880 to robbery, aggravated burglary, and criminal possession of a firearm. The district court sentenced Landers to serve 130 months in prison. Once again, Landers did not appeal.

Two years after his conviction in 12 CR 880, Landers filed a pro se motion to withdraw his no-contest plea. The district court allowed Landers' trial attorney (Jeffrey Dazey) to withdraw as counsel and appointed new counsel (Joseph Desch) to represent him in this matter. Desch filed a "Clarified Motion to Withdraw Plea" on Landers' behalf and argued that because Landers had suffered from mental health issues when he entered his plea, the record did not show his plea was knowing and voluntary. This amended motion also raised claims of ineffectiveness against Dazey based on his failure to address the issue of Landers' competency.

The district court held an evidentiary hearing and heard testimony from Landers and Dazey. Landers argued he was not competent to enter a plea and Dazey was ineffective for not having made that claim. Landers also claimed that Dazey had failed to investigate a potential alibi defense.

After the hearing, the district court issued a long memorandum decision denying Landers' motion to withdraw his plea. The district court made this credibility determination:

> "The Court credits the testimony of Dazey and the Defendant's statements to the
> Court at the time of the plea hearing. To the extent that that Defendant's testimony on
> 5/27/2016 was contradicted by his earlier statements at the plea hearing or the testimony

of Dazey, the Court credits those previous statements and testimony above Defendant's 5/27/2016 testimony."

The district court found the motion to withdraw the plea was untimely and Landers had failed to show excusable neglect. The district court also found that based on Landers' testimony, Landers knew the basis for his motion to withdraw right after he entered his plea. And as shown from Landers' letters to the court's clerk, Landers knew the process necessary to withdraw his plea. Landers also failed to show his confinement prevented him from meeting the filing deadline.

The district court also addressed the merits of Landers' claims as an alternative reason for denying his motion. And ultimately, the court found Landers failed to prove manifest injustice to allow a postsentence plea withdrawal.

Landers appealed the district court's decision and argued, for the first time on appeal, that his sentence was illegal based on criminal history score issues. A panel of this court denied that sentencing claim and affirmed each of the district court's alternative bases for denying Landers' motion to withdraw his plea. *State v. Landers*, No. 116,652, 2018 WL 385697, at *5-11 (Kan. App. 2018) (unpublished opinion). Landers filed an unsuccessful petition for review, and the mandate issued on September 14, 2018.

On August 9, 2019, Landers filed his current K.S.A. 60-1507 motion in the district court. In this motion, Landers challenged issues related to his original plea. Landers again argued that he had not been competent to enter a plea in 12 CR 880, and Dazey had been ineffective for failing to request a competency hearing before his plea hearing. Landers also raised an equal protection claim against the district court, challenging its failure to adequately address competency. Landers did not raise any arguments about the plea withdrawal proceedings. Landers also seemingly failed to acknowledge the possibility his motion would be found untimely because he did not argue manifest injustice—the

3

exception to untimeliness. He did, however, claim that he was "mentally unaware" of the required procedure.

The State's response to Landers' motion asked the district court to summarily deny or dismiss Landers' claims. The State contended that Landers' motion was untimely and successive, and his claims were conclusory. The district court appointed counsel for Landers, who replied to these arguments. Landers requested a preliminary hearing and argued that if the court found his motion untimely, it should excuse his late filing because it was caused by his mental illness.

The district court denied Landers' request for a hearing and summarily denied his motion as untimely under K.S.A. 2019 Supp. 60-1507(f). The court rejected Landers' argument about the alleged impact his mental health had on his ability to file a timely motion and thus found Landers failed to prove manifest injustice. The district court also found review was not warranted because Landers had received a final judgment on his claims.

Landers timely appeals.

*Standard of Review*

K.S.A. 60-1507 provides criminal defendants a collateral way to challenge the fairness of an underlying proceeding. See K.S.A. 2019 Supp. 60-1507(a). A district court may summarily deny a K.S.A. 60-1507 motion when the motion, files, and case records conclusively show the movant is not entitled to relief. *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018). We review de novo this decision. *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014).

*Res Judicata and Alternative Grounds for Denial*

On appeal from the district court's summary denial, Landers challenges only the district court's conclusions on timeliness and manifest injustice. But the district court also found Landers had already received judicial review of the claims in his motion and denied his motion on that alternative basis. We could uphold the district court's ruling on this basis alone, because Landers fails to challenge the validity of this alternative basis on appeal. See *State v. Novotny*, 297 Kan. 1174, 1180, 307 P.3d 1278 (2013).

Landers received a final judgment on the merits of his competency claims in his previous appeal. *Landers*, 2018 WL 385697, at *7-8. When an appeal is taken from a conviction or sentence, the judgment of the appellate court is res judicata as to all issues raised. Issues that could have been raised are considered waived. *State v. Salary*, 309 Kan. 479, 482, 437 P.3d 953 (2019) (citing *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 [2014]); see also *State v. Martin*, 294 Kan. 638, 640-41, 279 P.3d 704 (2012) (issues raised and decided in prior 60-1507 motions or motions to correct an illegal sentence are res judicata and cannot be raised in subsequent motions).

It is also well settled that a movant cannot use a K.S.A. 60-1507 motion as a substitute for a direct appeal to correct mere trial errors. See Supreme Court Rule 183(c)(3) (2021 Kan. S. Ct. R. 239). Because Landers raises claims that cannot be brought in a collateral challenge to his conviction or sentence, we find the district court did not err in summarily denying his motion. We also affirm the district court's decision based on its findings regarding timeliness and manifest injustice, as we explain below.

*Timeliness*

Landers argues his motion was timely because he filed it within one year from the appellate mandate affirming the denial of his motion to withdraw. Although he admits

this argument is unpreserved, he claims it is purely legal, based on proved or admitted facts, and dispositive of his case. Landers thus asks that we apply an exception to our general preservation rules to address this unpreserved claim. Landers explains how he believes his argument meets the requirements of this often-referenced exception to our appellate preservation rules. He does not, however, account for why he failed to raise this issue in the district court even though his appointed counsel replied to the State's motion to dismiss his K.S.A. 60-1507 motion as untimely. In any event, we briefly address Landers' argument and explain why it fails.

K.S.A. 2019 Supp. 60-1507(f) prescribes the time a movant may file a 60-1507 claim:

> "(1) Any action under this section must be brought within one year of:
> (A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or
> (B) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition.
> "(2) The time limitation herein may be extended by the court only to prevent a manifest injustice."

The plain language of this statute provides that a movant's time to file depends partly on his or her decision to file a direct appeal.

Because Landers challenges his original plea and conviction, but he did not file a direct appeal from those matters, he needed to file his K.S.A. 60-1507 motion within one year of the termination of our appellate jurisdiction. Because Landers had 14 days following his sentencing date to appeal, appellate jurisdiction terminated on June 14, 2013. See K.S.A. 2013 Supp. 22-3608(c). So, Landers had until June 14, 2014, to file his current motion. See K.S.A. 2019 Supp. 60-1507(f). But Landers filed his motion in August 2019, more than five years after his deadline passed.

6

To overcome this issue, Landers asks us to construe his motion to withdraw his plea as a direct appeal. But Landers does not provide authority for this argument, so we dismiss it as waived or abandoned. See *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020) (failure to support a point with pertinent authority or show why a point is sound despite a lack of supporting authority is like failing to brief the issue). Landers also fails to acknowledge that he filed his motion to withdraw his plea two years after his sentencing date, well outside the statutory time to file an appeal. See K.S.A. 2013 Supp. 22-3608(c).

Landers challenges matters related to his original, 2013 plea proceedings. But Landers did not file a direct appeal and he filed his current motion five years after the time allowed. Nothing in Landers' motion supports his argument that the one-year time frame for filing his current claims should have started in 2018, after this court entered a final ruling on his motion to withdraw his plea. We thus find the district court properly dismissed Landers' motion as untimely.

*Manifest Injustice*

We also agree that Landers fails to establish manifest injustice, as is necessary to warrant review of an untimely K.S.A. 60-1507 motion. See *Thuko v. State*, 310 Kan. 74, 80-81, 444 P.3d 927 (2019) (if a K.S.A. 60-1507 motion is untimely, movant must prove filing time should be extended to prevent manifest injustice).

When considering manifest injustice, courts limit their inquiry to "determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence. . . . [T]he term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2019 Supp. 60-1507(f)(2)(A).

In his motion, Landers claimed he was "mentally unaware of the procedures" as the reason he had failed to raise his claims in an earlier proceeding. In his later reply brief, Landers claimed that his mental illness prevented him from understanding the necessary procedures for filing his K.S.A. 60-1507 motion. Landers relies on the same argument on appeal.

The State suggests that we should essentially dismiss Landers' "mentally unaware" statement as overgeneralized and conclusory and find he failed to argue manifest injustice. Landers counters that his statement could easily be construed as an argument about mental illness because the record includes ample evidence of his mental health problems. But even construing Landers' argument in its broadest terms, we cannot find a sufficient showing of manifest injustice. See *State v. Gilbert*, 299 Kan. 797, Syl. ¶ 4, 326 P.3d 1060 (2014) (we liberally construe pro se pleadings to give effect to its content).

If Landers intends to argue he did not understand the legal procedure required to raise his claims, we are unpersuaded. A prisoner's lack of legal knowledge, training, and familiarity with the rules of procedure does not excuse their failure to meet K.S.A. 60-1507(f)'s one-year deadline. "[A] pro se K.S.A. 60-1507 petitioner is in the same position as all other pro se civil litigants, and is required to be aware of and follow the rules of procedure that apply to all civil litigants, pro se or represented by counsel." *Guillory v. State*, 285 Kan. 223, 229, 170 P.3d 403 (2007).

We likewise reject Landers' argument that his mental illness caused his five-year filing delay. In his reply brief, Landers argued his "underlying mental illness is the reason he did not file a timely motion." But this argument is conclusory and unsupported. And although the record shows Landers struggled with mental health issues around the time he entered his plea, Landers offers no evidence of a mental illness or incapacity that would excuse the filing requirements at issue.

*Conclusion*

We affirm the district court's summary denial of Landers' claims. We agree with the district court that Landers' motion is untimely and fails to allege manifest injustice. We also affirm the district court's decision based on its alternative reasoning. Landers has already received a final judgment on his claims and cannot raise them again in this successive, collateral attack.

Affirmed.