(297 P.3d 1176)
No. 106,937

MATTHEW PAUL MARKOVICH, *Appellant*, v. RANDALL GREEN, *et al.*, *Appellees*.

Opinion filed February 8, 2013.

*Matthew Paul Markovich*, appellant pro se.

*Jon D. Graves*, of Kansas Department of Corrections, of Hutchinson, for appellees.

Before PIERRON, P.J., BUSER and LEBEN, JJ.

BUSER, J.: Mathew Paul Markovich, pro se, appeals the dismissal of his petition for habeas corpus filed pursuant to K.S.A. 60-1501. Among numerous claims of error, Markovich contends the district court's failure to appoint appellate counsel for him upon the filing of his appeal was a violation of K.S.A. 22-4506(c).

We conclude that under K.S.A. 22-4506(c), an indigent inmate has a statutory right to the appointment of appellate counsel upon the filing of a notice of appeal of the district court's ruling on a petition for a writ of habeas corpus filed pursuant to K.S.A. 60-1501. Accordingly, we remand to the district court with directions.

## FACTUAL AND PROCEDURAL BACKGROUND

Markovich filed his K.S.A. 60-1501 petition for a writ of habeas corpus while incarcerated at the Ellsworth Correctional Facility. In the petition, he alleged numerous violations of his liberty interests at both the Ellsworth facility and the Larned Correctional Mental Health Facility. These violations primarily related to disciplinary actions taken by correctional authorities against Markovich and denial of program credits and good-time credits. Because

Markovich had previously filed a federal civil rights case raising similar claims, the Ellsworth County District Court summarily dismissed the K.S.A. 60-1501 petition as duplicative.

Markovich appealed the dismissal to our court. See *Markovich v. Green*, No. 104,800, unpublished opinion filed February 25, 2011. Our court noted that Markovich's federal case was voluntarily dismissed without prejudice and without a decision on the merits. As a result, the Ellsworth County District Court's dismissal of the K.S.A. 60-1501 petition was reversed and the case was remanded for further proceedings. Slip op. at 5.

Upon remand, the Ellsworth County District Court appointed trial counsel for Markovich. When Markovich was moved to the Hutchison Correctional Facility, however, venue was transferred to the Reno County District Court. Consequently, the Ellsworth County District Court allowed Markovich's appointed counsel to withdraw.

Markovich asked the Reno County District Court to appoint trial counsel, but the court refused after reviewing the petition and concluding it did not contain substantial issues of law or triable issues of fact justifying the appointment. The Reno County District Court held several hearings on Markovich's K.S.A. 60-1501 petition. At the final hearing on September 27, 2011, the court dismissed the petition.

On October 4, 2011, Markovich filed a timely notice of appeal of the dismissal and a request for appointment of appellate counsel with the Reno County District Court. In support of his request, Markovich filed a statement of his inmate account to establish his indigency. The record does not show whether the Reno County District Court ruled on the request for appointed appellate counsel. Next, Markovich filed a motion for appellate counsel with our court, which initially denied the request. Markovich also petitioned our Supreme Court for a writ of mandamus to compel the Reno County District Court to appoint appellate counsel. Our Supreme Court denied the petition as moot.

## The Right to Appointed Appellate Counsel in K.S.A. 60-1501 Cases

On appeal, Markovich raises numerous claims of error by the Reno County District Court in dismissing his K.S.A. 60-1501 petition. For purposes of this opinion, however, we will only review Markovich's claim that the district court erred in failing to appoint appellate counsel for him to prosecute this appeal.

Markovich cites K.S.A. 22-4506(c) in support of his contention that he has a statutory right to appointed counsel in these proceedings despite the district court's "silent denial" of his request for appellate counsel. The State responds that the district court did not abuse its discretion because Markovich's petition did not raise substantial questions of law or triable issues of fact. The resolution of this issue depends on interpretation of K.S.A. 22-4506(c). Appellate courts exercise unlimited review over statutory interpretation. See *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010).

K.S.A. 22-4506 states in relevant part:

"(a) Whenever any person who is in custody under a sentence of imprisonment upon conviction of a felony files a petition for writ of habeas corpus or a motion attacking sentence under K.S.A. 60-1507 and files with such petition or motion such person's affidavit stating that the petition or motion is filed in good faith and that such person is financially unable to pay the costs of such action and to employ counsel therefor, the court shall make a preliminary examination of the petition or motion and the supporting papers.

"(b) If the court finds that the petition or motion presents substantial questions of law or triable issues of fact and if the petitioner or movant has been or is thereafter determined to be an indigent person as provided by K.S.A. 22-4504 and amendments thereto, the court shall appoint counsel . . . to assist such person . . . .

"(c) If an appeal is taken in such action and if the trial court finds that the petitioner or movant is an indigent person, the trial court shall appoint counsel to conduct the appeal."

The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *Bergstrom v. Spears Manufacturing Co.*, 289 Kan. 605, 607, 214 P.3d 676 (2009). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving

common words their ordinary meanings. *Padron v. Lopez*, 289 Kan. 1089, 1097, 220 P.3d 345 (2009).

The language of K.S.A. 22-4506(c) is plain and unambiguous. K.S.A. 60-1501(a) is the statutory vehicle by which persons "detained, confined or restrained of liberty" in this state may prosecute a writ of habeas corpus. K.S.A. 22-4506(c) clearly provides that when an indigent petitioner appeals in such an action "the trial court shall appoint counsel to conduct the appeal."

The State implies that, similar to subsection (b), the petition must present substantial questions of law or triable issues of fact before the petitioner is entitled to the appointment of appellate counsel under subsection (c). But neither of those preconditions, while required before appointment of trial counsel under subsection (b), is mentioned with regard to appointment of appellate counsel under subsection (c). See K.S.A. 22-4506. When a statute is plain and unambiguous, an appellate court will not read into the statute something not readily found in it. *Double M Constr. v. Kansas Corporation Comm'n*, 288 Kan. 268, 271-72, 202 P.3d 7 (2009). There is no threshold requirement found in K.S.A. 22-4506(c) that a petition for writ of habeas corpus under K.S.A. 60-1501 must present substantial questions of law or triable issues of fact in order for an indigent petitioner to obtain appointed appellate counsel.

Our reading of K.S.A. 22-4506(b) and (c) is consonant with Kansas caselaw precedent. Our Supreme Court interpreted the language of K.S.A. 22-4506 in *Guillory v. State*, 285 Kan. 223, 170 P.3d 403 (2007). In *Guillory*, an inmate filed a pro se K.S.A. 60-1507 motion which was summarily denied by the district court. Guillory then filed a pro se appeal to our court, which dismissed it for lack of jurisdiction because the notice of appeal was not filed in a timely manner. Our Supreme Court granted a petition for review to consider whether Guillory's untimely appeal should have been permitted as an exception under *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982). *Guillory*, 285 Kan. at 224.

In its discussion of the "fundamental fairness principle underlying all three exceptions recognized in *Ortiz*," our Supreme Court considered the language of K.S.A. 22-4506. *Guillory*, 285 Kan. at

228. With reference to subsection (b) the court observed that "[t]here is no statutory right to counsel at the district court level stage for indigent K.S.A. 60-1507 movants until they meet the threshold showing of substantial legal issues or triable issues of fact." 285 Kan. at 228. Next, our Supreme Court examined the statutory language in subsection (c) and concluded that "[m]ovants who fail to meet this threshold *do* have a statutory right to appointment of counsel on appeal but not until after a notice of appeal has been filed." (Emphasis added.) 285 Kan. at 228-29.

Of course, *Guillory* dealt with a K.S.A. 60-1507 motion, not a K.S.A. 60-1501 petition. However, because K.S.A. 22-4506(a) clearly applies to both a "petition for writ of habeas corpus or a motion attacking sentence under K.S.A. 60-1507," we are confident that K.S.A. 22-4506(c) also applies to a petition filed under K.S.A. 60-1501. See *Brown v. State*, 278 Kan. 481, 483, 101 P.3d 1201 (2004) (" 'Our statutes provide that an indigent defendant is entitled to counsel . . . in habeas corpus proceedings and motions attacking sentence under K.S.A. 60-1507.' " [quoting *State v. Andrews*, 228 Kan. 368, 375, 614 P.2d 447 (1980)]). This conclusion is also bolstered by our court's opinion in *Holt v. Saiya*, 28 Kan. App. 2d 356, 17 P.3d 368 (2000), wherein we applied subsection (b) of K.S.A. 22-4506 to a petition for writ of habeas corpus under K.S.A. 60-1501.

Notwithstanding the district court's ruling that Markovich's K.S.A. 60-1501 petition did not present any substantial legal issues or triable issues of fact, we conclude that Markovich had a statutory right to the appointment of appellate counsel under K.S.A. 22-4506(c) upon the filing of his notice of appeal.

Finally, the Reno County District Court did not make a finding on whether Markovich was indigent. The affidavit and statement of inmate account he submitted to the Reno County District Court, however, did not differ appreciably from his indigency submission that the Ellsworth County District Court ruled was sufficient to establish his right to an appointed trial attorney. Accordingly, we conclude that Markovich has established indigency for purposes of obtaining appointed appellate counsel under K.S.A. 22-4506(c).

The case is remanded to the Reno County District Court for appointment of an attorney to assist Markovich in filing and prosecuting his appeal. The appointment shall be made within 20 days after the filing of this opinion. The clerk of the Reno County District Court shall submit the order of appointment to the Clerk of the Appellate Courts within 10 days after the filing of the order of appointment. After counsel is appointed, the district court should allow counsel 30 days in which to file a notice of appeal and docket the appeal in accordance with the Rules of the Kansas Supreme Court. See *Kargus v. State*, 284 Kan. 908, 929, 169 P.3d 307 (2007).

Remanded with directions.