NOT DESIGNATED FOR PUBLICATION

No. 119,551

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHNNY WIGGINS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed February 15, 2019. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Megan Williams*, assistant county attorney, *Todd Thompson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., PIERRON and GREEN, JJ.

PER CURIAM: In 1989, a jury convicted Johnny Wiggins of the second-degree murder of a fellow inmate. At the time of the murder, Wiggins was serving an Arkansas sentence for aggravated robbery and had several sentences in other jurisdictions. The sentencing court sentenced Wiggins to serve 15 years to life to run consecutive to any previously imposed sentence. Wiggins later moved to correct an illegal sentence. He argued his sentence was vague because the journal entry did not specify which sentence or sentences his Kansas sentence should run consecutive to. The district court denied the motion, and Wiggins appeals. Finding no error, we affirm.

1

At the time of the murder, Wiggins was in the Kansas State Penitentiary under the Interstate Corrections Compact (ICC) serving a 20-year Arkansas sentence for aggravated robbery. The sentencing court imposed imprisonment "for a minimum of fifteen (15) years and a maximum term of life, pursuant to K.S.A. 21-4501(b), to run consecutive to any sentence previously imposed." The Kansas Supreme Court affirmed on direct appeal. *State v. Wiggins*, 248 Kan. 526, 530, 808 P.2d 1383 (1991).

In August 2015, Wiggins moved to correct an illegal sentence under K.S.A. 22-3504. He noted the sentencing court had ordered him to serve 15 years to life to run consecutive to any sentence previously imposed. But he argued this sentence was vague because it did not state which sentence his Kansas sentence should run consecutive to. According to Wiggins' understanding, his second-degree murder sentence would run consecutive to his 20-year Arkansas sentence only. But at that time, Wiggins also had three other Arkansas sentences, two Oklahoma sentences, and one federal sentence. Wiggins claimed the journal entry was unclear about which of these sentences his Kansas sentence should run consecutive to. And because it was unclear, the Kansas Department of Corrections (KDOC) was running his Kansas sentence consecutive to all his Arkansas sentences, but not his Oklahoma or federal sentences.

The district court summarily denied his motion. The court found his sentence of 15 years to life was within the statutory limits. It also found that K.S.A. 21-4608 required his sentence to run consecutive to any previously imposed sentence. As a result, the court found Wiggins' sentence was legal. Wiggins appealed and moved for court-appointed appellate counsel. The district court never ruled on his motion for appointment of counsel, and he did not perfect his appeal.

In November 2017, Wiggins filed a second motion to correct an illegal sentence, raising the same arguments as his first motion. The district court again summarily denied

2

his motion, finding his sentence was legal. The court also noted that Wiggins' real complaint was that the KDOC had incorrectly calculated his sentence, but that would not affect the legality of his sentence. Wiggins appeals.

*Res Judicata*

To begin with, the State argues res judicata bars Wiggins' claim. The State notes that Wiggins is raising the same claims as his first motion to correct an illegal sentence. The district court denied that motion on the merits, and Wiggins' did not prosecute his appeal.

The State did not raise the issue of res judicata before the district court. Failure to raise an issue before the district court generally precludes appellate review. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014); *In re Estate of Zahradnik*, 6 Kan. App. 2d 84, 92, 626 P.2d 1211 (1981) (holding issues raised by appellee first time on appeal not properly before court).

But even if we were to consider the merits, the State's argument fails. The doctrine of res judicata bars the consideration of issues raised and decided in prior motions to correct an illegal sentence. *State v. Martin*, 294 Kan. 638, 640-41, 279 P.3d 704 (2012). It also bars consideration of issues which a party could have raised but did not. 294 Kan. at 640-41; see also *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 (2014) (holding res judicata bars consideration of issues which could have been raised in a prior appeal but were not). Whether res judicata applies in a certain case is an issue of law over which this court exercises plenary review. *Cain v. Jacox*, 302 Kan. 431, 434, 354 P.3d 1196 (2015).

Wiggins acknowledges that his second motion to correct an illegal sentence raises the same claims as his first motion. But he also notes he requested an attorney after filing his first notice of appeal, and the district court never appointed one. He claims he had a

3

statutory right to appointment of counsel on appeal, and because he was denied that right, res judicata does not apply.

Wiggins' only statutory support for his argument is K.S.A. 22-4506, governing K.S.A. 60-1501 and K.S.A. 60-1507 motions. That statute states, "If an appeal is taken in such action and if the trial court finds that the petitioner or movant is an indigent person, the trial court shall appoint counsel to conduct the appeal. . . ." K.S.A. 22-4506(c). Kansas courts have recognized a statutory right to appellate counsel in appeals of K.S.A. 60-1501 and K.S.A. 60-1507 motions based on this language. See *Guillory v. State*, 285 Kan. 223, 228-29, 170 P.3d 403 (2007); *Markovich v. Green*, 48 Kan. App. 2d 567, 571, 297 P.3d 1176 (2013).

Wiggins argues a motion to correct an illegal sentence is substantively the same as a K.S.A. 60-1507 motion, so this right to counsel should also apply in his case. But this argument ignores the language of K.S.A. 22-4506, which states the statute applies to K.S.A. 60-1501 and K.S.A. 60-1507 actions. And K.S.A. 2017 Supp. 22-3504(1) does not provide a right to counsel when the motion, files, and record conclusively show the defendant is not entitled to relief.

On the other hand, an appeal from the denial of a motion to correct an illegal sentence is treated as a motion pursuant to K.S.A. 2017 Supp. 60-1507 if it is filed more than 14 days after sentencing. See *State v. Barnes*, 37 Kan. App. 2d 136, 138, 149 P.3d 543 (2007) (applying rules about K.S.A. 60-1507 to determine if appellate court had jurisdiction over K.S.A. 22-3504 motion). Adopting this practice, Wiggins arguably did have a right to appointment of appellate counsel. In that case, his claims would not be barred by res judicata, and we can address the merits.

4

*Legality of Sentence*

Regardless of whether res judicata applies, Wiggins' appeal still fails because his sentence is legal. "A sentence is illegal under K.S.A. 22-3504 when: (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provisions, either in character or punishment; or (3) it is ambiguous with respect to the time and manner in which it is to be served. [Citation omitted.]" *State v. Hayes*, 307 Kan. 537, 538, 411 P.3d 1225 (2018). Whether a sentence is illegal under K.S.A. 2017 Supp. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).When a district court summarily denies a motion to correct illegal sentence, this court applies a de novo standard of review. This is because the reviewing court has the same access to the motions, records, and files as the district court. *State v. Gray*, 303 Kan. 1011, 1013-14, 368 P.3d 1113 (2016).

On appeal, Wiggins concedes the KDOC's interpretation of his sentence does not affect its legality under K.S.A. 2017 Supp. 22-3504, and a motion to correct an illegal sentence is not the appropriate vehicle to raise this issue. See *State v. Denney*, No. 98,288, 2008 WL 3367606, at *1 (Kan. App. 2008) (unpublished opinion) (holding K.S.A. 60-1501 motion, instead of motion to correct an illegal sentence, was appropriate motion for defendant's challenges to KDOC's computation and aggregation of his sentences). Instead, he focuses on his argument that his sentence is vague. He contends the sentencing court ordered his Kansas sentence to run "consecutively to any of Wiggins' prior sentences," but it did not clarify which sentence. Because Wiggins had several other sentences at the time, he argues his sentence is indefinite about the time and manner in which he is to serve it.

The State responds that the sentencing court intended his Kansas sentence to run consecutive to all his other sentences. For support, the State cites *State v. Sandoval*, 308 Kan. 960, 425 P.3d 365 (2018). There, the *Sandoval* court interpreted K.S.A. 22-3716(b),

which states: "'Except as otherwise provided, if the [probation] violation is established, the court may . . . revoke the probation . . .and may require the defendant to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.'" 308 Kan. at 963.

The *Sandoval* court was concerned with the meaning of the phrase "any lesser sentence." In determining the meaning of "any," the court looked to the dictionary because "'[d]ictionary definitions are good sources for the "ordinary, contemporary, common" meanings of words.'" 308 Kan. at 963 (quoting *Midwest Crane & Rigging, LLC v. Kansas Corp. Comm'n*, 306 Kan. 845, 851, 397 P.3d 1205 [2017]). "Merriam-Webster defines 'any' as: (1) 'one or some indiscriminately of whatever kind'; (2) 'one, some, or all indiscriminately of whatever quantity'; and (3) 'unmeasured or unlimited in amount, number, or extent.' (Online ed. 2017)." 308 Kan. at 963-64. The court concluded "[t]he ordinary and plain meaning of the term 'any' thus connotes something without limits." 308 Kan. at 964. Relying on *Sandoval*'s interpretation of the word "any," the State argues Wiggins' Kansas sentence must run consecutive to all other sentences he already had.

In addition to its definition, the grammatical use of "any" also supports this interpretation. "In affirmative sentences, [any] means 'every' or 'all.'" Garner's Modern English Usage, 57 (4th ed. 2016). As a result, Wiggins' Kansas sentence is not ambiguous and runs consecutive to all his previously imposed sentences.

Wiggins also argues K.S.A. 21-4608(5) (Ensley 1988) only requires his Kansas sentence to run consecutive to the sentence he was serving at the time of the murder. While this is true, it does not mean that the sentencing court lacked the discretion to run his Kansas sentence consecutive to all his previously imposed sentences. See K.S.A. 21-4608(8) (Ensley 1988) ("When a defendant is sentenced in a state court and is also under sentence from a federal court or other state court or is subject to sentence in a federal court or other state court for an offense committed prior to the defendant's sentence in a

6

Kansas state court, the court *may* direct that custody of the defendant *may* be relinquished to federal or other state authorities and that such state sentences as are imposed *may* run concurrently with any federal or other state sentence imposed." [Emphasis added.]). Thus, this argument also fails.

Wiggins also brought several claims in his motion that he does not raise on appeal. These include: (1) the journal entry differs from the sentence pronounced from the bench; (2) the journal entry clearly means his Kansas sentence should run consecutive to his 20-year Arkansas sentence only; (3) the KDOC is calculating his sentence incorrectly for many reasons; and (4) his presentence investigation report contained erroneous information. Because Wiggins has not raised and briefed these issues on appeal, he has waived and abandoned them. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (holding issues not adequately briefed are considered waived and abandoned).

Affirmed.