No. 126,409

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES H. WOOLDRIDGE JR.,
*Appellant*.

SYLLABUS BY THE COURT

1.

A court engages in a three-step process when reviewing an equal protection claim. First, it considers whether the legislation creates a classification resulting in different treatment of similarly situated individuals. If the statute treats "arguably indistinguishable" individuals differently, the court determines next the appropriate level of scrutiny to assess the classification by examining its nature or the right at issue. Then, the court applies that level of scrutiny to the statute.

2.

The plain language of K.S.A. 21-2512 limits its application solely to those convicted of first-degree murder or rape. Because individuals who are convicted of attempted rape are not similarly situated to those convicted of rape, the application of K.S.A. 21-2512 should not be extended on equal protection grounds to include DNA testing for individuals convicted of attempted rape.

Appeal from Wilson District Court; DANIEL D. CREITZ, judge. Submitted without oral argument. Opinion filed June 14, 2024. Affirmed.

1

*Michael Jilka*, of Graves & Jilka, P.C., of Lawrence, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., MALONE and WARNER, JJ.

MALONE, J.: James H. Wooldridge Jr. was convicted in 1983 of several felonies, including attempted rape. In 2016, Wooldridge moved for postconviction DNA testing under K.S.A. 21-2512. That statute expressly authorizes persons convicted of either first-degree murder or rape to seek postconviction DNA testing. The district court at first dismissed Wooldridge's motion for his failure to comply with the court's order of filing restrictions, but that decision was reversed. *State v. Wooldridge*, No. 117,284, 2019 WL 1303247, at *2, 4 (Kan. App. 2019) (unpublished opinion).

On remand, Wooldridge argued in district court that K.S.A. 21-2512 violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution because there is no rational basis for authorizing DNA testing for those convicted of rape, but not authorizing DNA testing for those convicted of attempted rape. The district court rejected Wooldridge's equal protection argument, and we do the same. Thus, we affirm the district court's denial of Wooldridge's application for postconviction DNA testing.

FACTUAL AND PROCEDURAL BACKGROUND

In 1983, a jury convicted Wooldridge of aggravated burglary, aggravated robbery, attempted rape, aggravated battery, aggravated assault, and criminal destruction of property. The district court sentenced Wooldridge under the Habitual Criminal Act to a controlling indeterminate sentence of 99 years to life imprisonment. Those convictions were upheld on appeal. *State v. Wooldridge*, 237 Kan. 737, 703 P.2d 1375 (1985). Wooldridge's aggravated assault conviction was later reversed, and the sentence vacated

2

as being multiplicitous with his aggravated robbery conviction. *Wooldridge v. State*, No. 73,137, unpublished opinion filed November 17, 1995 (Kan. App.). Over the years, Wooldridge filed eight K.S.A. 60-1507 motions and a federal habeas corpus motion. As a result, the district court imposed filing restrictions on Wooldridge's ability to seek postconviction relief. *Wooldridge*, 2019 WL 1303247, at *2.

In 2016, Wooldridge moved for postconviction DNA testing under K.S.A. 21-2512. More specifically, Wooldridge asked for forensic DNA testing of a hair sample found at the scene of his 1983 crimes. The district court at first dismissed Wooldridge's motion for failing to comply with the filing restrictions. Wooldridge appealed, and this court reversed and remanded with directions for the district court to consider the merits of the motion under the statute. 2019 WL 1303247, at *5.

On remand, the district court asked the parties to brief several questions including whether the court had authority to grant Wooldridge's motion for DNA testing under the applicable statute. Wooldridge argued to the district court that denying DNA testing to defendants convicted of attempted rape but allowing it for those convicted of rape "is to draw an arbitrary, artificial and meaningless distinction between two classes of defendants who are similarly situated. There is no rational basis for such a distinction."

The State argued: "The plain language of K.S.A. 21-2512 limits DNA testing pursuant to that statute to the offenses of murder in the first degree and rape. However, in the present case, the defendant was convicted of attempted rape." The State concluded that the offenses of rape and attempted rape "are distinguishable, there is a rational basis for the differing treatment of these crimes, and there is no equal protection basis for extending or applying the provisions of K.S.A. 21-2512 to the Wooldridge case."

3

The district court held a hearing on the motion on January 3, 2020. After taking the matter under advisement, the district court filed a written order rejecting the equal protection argument and denying the motion. The district court's analysis stated, in part:

> "More importantly, as the State argues the elements of rape and attempted rape are 'distinguishable from the other.' There must be sexual intercourse to be convicted of rape. On the other hand, for attempted rape, no sexual intercourse is required. There must only be 'the commission of an act toward the offense of rape.'
>
> "Like first-degree murder and attempted first-degree murder, rape and attempted rape are clearly distinguishable offenses. There is a rational basis for treating these crimes differently, and there is no equal protection basis for expanding the provisions of 2018 K.S.A. 21-2512(a) to [Wooldridge's] conviction of attempted rape."

ANALYSIS

On appeal, Wooldridge claims the district court erred in denying his motion for postconviction DNA testing. He renews his argument that K.S.A. 21-2512 violates the Equal Protection Clause of the Fourteenth Amendment because he asserts there is no rational basis for authorizing DNA testing for those convicted of rape, but for not authorizing DNA testing for those convicted of attempted rape. The State contends that the district court properly denied Wooldridge's motion for postconviction DNA testing.

Resolution of Wooldridge's claim requires statutory interpretation. Statutory interpretation presents a question of law over which appellate courts have unlimited review. *State v. Betts*, 316 Kan. 191, 197, 514 P.3d 341 (2022). Moreover, an appellate court has unlimited review when deciding whether a statute creates an unconstitutional classification and violates the Fourteenth Amendment's Equal Protection Clause. *State v. Salas*, 289 Kan. 245, 248, 210 P.3d 635 (2009).

4

The statute at issue, K.S.A. 21-2512, states, in part:

"(a) Notwithstanding any other provision of law, a person in state custody, at any time after conviction for murder in the first degree as defined by K.S.A. 21-3401, prior to its repeal, or K.S.A. 21-5402, and amendments thereto, or for rape as defined by K.S.A. 21-3502, prior to its repeal, or K.S.A. 21-5503, and amendments thereto, may petition the court that entered the judgment for forensic DNA testing (deoxyribonucleic acid testing) of any biological material that:

(1) Is related to the investigation or prosecution that resulted in the conviction;

(2) is in the actual or constructive possession of the state; and

(3) was not previously subjected to DNA testing, or can be subjected to retesting with new DNA techniques that provide a reasonable likelihood of more accurate and probative results."

The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State v. Keys*, 315 Kan. 690, 698, 510 P.3d 706 (2022). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. See *Betts*, 316 Kan. at 198. When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent, and it should avoid reading something into the statute that is not readily found in its words. *Keys*, 315 Kan. at 698. Only when the statute's language is unclear or ambiguous does the court use canons of construction or legislative history to construe the legislative intent. See *Betts*, 316 Kan. at 198.

K.S.A. 21-2512(a) is unambiguous. It provides that only those convicted of first-degree murder or rape are eligible for postconviction DNA testing, a point Wooldridge concedes. But the thrust of Wooldridge's argument is that K.S.A. 21-2512(a) violates the Fourteenth Amendment's Equal Protection Clause because he asserts there is no rational basis for authorizing DNA testing for those convicted of rape, but for not authorizing DNA testing for those convicted of attempted rape.

5

"A court engages in a three-step process when reviewing an equal protection claim. First, it considers whether the legislation creates a classification resulting in different treatment of similarly situated individuals. If the statute treats '"arguably indistinguishable"' individuals differently, the court determines next the appropriate level of scrutiny to assess the classification by examining its nature or the right at issue. Then, the court applies that level of scrutiny to the statute. [Citations omitted.]" *State v. LaPointe*, 309 Kan. 299, 316, 434 P.3d 850 (2019).

"[T]he first step of analysis is to determine the nature of the legislative classifications and whether the classifications result in arguably indistinguishable classes of individuals being treated differently. Only if there is differing treatment of similarly situated individuals is the Equal Protection Clause implicated." *Salas*, 289 Kan. at 248. "[T]he United States Supreme Court has held that an individual complaining of an equal protection violation has the burden to demonstrate that he or she is 'similarly situated' to other individuals who are being treated differently." *Salas*, 289 Kan. at 249 (citing *Heller v. Doe*, 509 U.S. 312, 319-21, 113 S. Ct. 2637, 125 L. Ed. 2d 257 [1993]).

To support his argument, Wooldridge relies on *State v. Denney*, 278 Kan. 643, 101 P.3d 1257 (2004). In that case, our Supreme Court found that Denney's act of committing aggravated criminal sodomy by penetrating the victims' anuses with his male sex organ was arguably indistinguishable from the act of committing rape with the male sex organ. 278 Kan. at 653. The court also found there was no rational basis for allowing DNA testing for a defendant convicted of rape but not for a defendant convicted of aggravated criminal sodomy under circumstances like *Denney*. 278 Kan. at 656. Thus, the court held that K.S.A. 2003 Supp. 21-2512 was unconstitutional as applied to Denney. 278 Kan. at 656. To remedy the violation, the court extended the statute's application to include postconviction DNA testing for aggravated criminal sodomy. 278 Kan. at 660.

Wooldridge asserts that rape and attempted rape are arguably indistinguishable for purposes of applying K.S.A. 21-2512. In June 1983, when Wooldridge committed his crimes, rape was defined by K.S.A. 21-3502(1) (Ensley 1981) as:

> "[T]he act of sexual intercourse committed by a man with a woman not his wife, and without her consent when committed under any of the following circumstances:
>> (a) When a woman's resistance is overcome by force or fear; or
>> (b) When a woman is unconscious or physically powerless to resist; or
>> (c) When the woman is incapable of giving her consent because of mental deficiency or disease, which condition was known by the man or was reasonably apparent to him; or
>> (d) When the woman's resistance is prevented by the effect of any alcoholic liquor, narcotic, drug or other substance administered to the woman by the man or another for the purpose of preventing the woman's resistance, unless the woman voluntarily consumes or allows the administration of the substance with knowledge of its nature."

"Sexual intercourse" was defined as "any penetration of the female sex organ by the male sex organ." K.S.A. 21-3501(1) (Ensley 1981). An "attempt" to commit a crime was defined as "any overt act toward the perpetration of a crime done by a person who intends to commit such crime but fails in the perpetration thereof or is prevented or intercepted in executing such crime." K.S.A. 21-3301(1) (Ensley 1981).

No Kansas case has addressed whether the crimes of rape and attempted rape are arguably indistinguishable for purposes of applying K.S.A. 21-2512. But our Supreme Court has determined that when analyzing the comparability of two crimes for purposes of the DNA testing statute, there must be an "identity of elements" in order for the two crimes to be indistinguishable. *Salas*, 289 Kan. at 250. The *Salas* court was comparing first-degree murder to intentional second-degree murder, and it found that the crimes were not identical because first-degree murder contains an element—premeditation—that is missing from intentional second-degree murder. 289 Kan. at 250-51. The *Salas* court

7

distinguished that situation from *Denney,* where both crimes being compared for purposes of the DNA testing statute in that case "involved something less than voluntary consent to penetration of a female bodily orifice by the male sex organ. Hence, the required elements were arguably indistinguishable." *Salas*, 289 Kan. at 250.

Wooldridge tries to distinguish *Salas* by arguing there is no difference in the mental state required to commit rape and that required to commit attempted rape—unlike the difference in the mental state required to commit first-degree murder and second-degree murder. But this argument is unavailing. The *Salas* and *Denney* courts made it clear that the required elements of the two crimes being compared must be arguably indistinguishable for purposes of DNA testing. *Salas*, 289 Kan. at 250-51; *Denney*, 278 Kan. at 653-54. Here there is no identity of elements, and the crimes are not arguably indistinguishable. For rape to occur, there must be sexual intercourse. For attempted rape, all that is needed is an overt act towards the perpetration of rape. And, as the State points out, an overt act for attempted rape does not require attempted penetration or even that the defendant be in close proximity to the victim. See *State v. Peterman*, 280 Kan. 56, 61, 64, 118 P.3d 1267 (2005) (holding the defendant's arrival at the crime scene with the intent to commit rape was a sufficient overt act to support a conviction of attempted rape).

A case that is even more damaging for Wooldridge is *State v. Gaither*, No. 103,232, 2011 WL 588509, at *3 (Kan. App. 2011) (unpublished opinion), where the court considered whether an attempt to commit a crime is distinguishable from the completed crime for purposes of applying the DNA testing statute under an equal protection analysis. In *Gaither*, this court found that "first-degree murder and attempted first-degree murder have different elements and are not identical crimes. Accordingly, Gaither has failed to meet his burden of establishing that he is similarly situated to those who have a right to DNA testing under K.S.A. 21-2512. His equal protection argument fails." 2011 WL 588509, at *3. The district court here found *Gaither* to be on point.

Finally, Wooldridge argues that DNA testing should be allowed for attempted rape convictions because in both rape and attempted rape, the defendant must be present at the crime scene to commit the offense, which "is the very point of DNA testing." But this type of comparison would make almost all crimes indistinguishable for the purpose of DNA testing. The district court found this argument "problematic":

"[A]s a practical matter, a floodgate would be opened since all defendants convicted of an attempt to commit any crime could arguably request and obtain post-conviction DNA testing of the evidence to determine whether that defendant was present at the scene of that particular crime. Such a broad interpretation of K.S.A. 21-2512 would fundamentally eviscerate the statutory limitations for post-conviction DNA testing well beyond first-degree murder and rape."

We agree with the district court's analysis. In sum, K.S.A. 21-2512 does not treat "arguably indistinguishable" individuals differently, and Wooldridge fails to satisfy the first step of his equal protection claim. Because individuals who are convicted of attempted rape are not similarly situated to those convicted of rape, the application of K.S.A. 21-2512 should not be extended on equal protection grounds to include DNA testing for individuals convicted of attempted rape. As a result, the district court did not err in denying Wooldridge's postconviction motion for forensic DNA testing under K.S.A. 21-2512 following his conviction of attempted rape.

Affirmed.