NOT DESIGNATED FOR PUBLICATION

No. 129,258

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JAMES H. WOOLDRIDGE,
*Appellant*,

v.

PAUL SNYDER, Warden,
*Appellee*.

MEMORANDUM OPINION

Appeal from Cowley District Court; CHRISTOPHER SMITH, judge. Submitted without oral argument. Opinion filed February 20, 2026. Affirmed.

*Stephen L. Brave*, of Brave Law Firm, LLC, of Wichita, for appellant.

*Christine M. Tortorice*, legal counsel, Kansas Department of Corrections, for appellee.

Before SCHROEDER, P.J., MALONE and GARDNER, JJ.

PER CURIAM: James H. Wooldridge timely appeals the summary dismissal of his K.S.A. 60-1501 petition as an inmate at Winfield Correctional Facility (WCF), alleging he was entitled to restoration of good time credit withheld by the Kansas Department of Corrections (KDOC). Wooldridge claims the district court erred in failing to appoint him counsel, violated his due process rights by summarily dismissing his petition, and applied the wrong standard of review. Wooldridge also claims the cumulative effect of the district court's errors was not harmless.

After a thorough review of the record, we find the district court applied the correct standard of review. But we agree with Wooldridge that the district court erred in failing

1

to appoint him counsel after it granted the writ of habeas corpus. We also find the district court erred by granting the State's motion to dismiss before later summarily dismissing Wooldridge's K.S.A. 60-1501 petition. Still, based on a complete review of the record, because we find the errors committed by the district court were both individually and cumulatively harmless, we affirm. We also direct KDOC to verify in writing to Wooldridge he received the full 120 days of good time credit on award #51.

FACTUAL AND PROCEDURAL BACKGROUND

In 1983, a jury convicted Wooldridge of several felonies, and the district court sentenced Wooldridge to an "indeterminate sentence of 99 years to life imprisonment." *State v. Wooldridge*, 64 Kan. App. 2d 314, 315, 550 P.3d 1268 (2024). We begin our discussion of the relevant facts by noting the present record on appeal is hard to decipher, along with the basis for Wooldridge's claim he is entitled to more good time credit.

KDOC frequently reviewed and assessed Wooldridge's behavior for good time credit while he was in custody. Between June 2018 and May 2020, KDOC performed two good time award reviews relevant to this appeal—awards #45 and #50—and, in both reviews, awarded Wooldridge 0 out of a possible 120 days of good time credit based on disciplinary convictions. In September 2020, KDOC conducted another good time award review—award #51—and granted Wooldridge 120 out of a possible 120 days of good time credit.

In May 2021, Wooldridge filed a request for restoration of 300 days of good time credit—120 days withheld from award #45; 120 days withheld from award #50; and 60 days withheld from award #51. Wooldridge's unit team appears to have been confused and did not catch the error in Wooldridge's request. The unit team added to the confusion when it noted Wooldridge had "displayed good behavior since his last disciplinary conviction" in 2019 and supported his request to restore 60 days of good time credit. The

2

unit team did not specify which good time award review period the 60 days of restored good time credit was associated with, but it appears to be for award #51, in which Wooldridge mistakenly claimed he had 60 days withheld. The form on which Wooldridge requested restoration of good time credit stated all decisions were final and could not be appealed under Internal Management Policy and Procedure (IMPP) 11-127.

In May 2022, Wooldridge again asked for restoration of good time credit related to awards #45 and #50, which has added to the confusion in the record. His request was denied under IMPP 11-127 because it had been previously denied. KDOC also responded to Wooldridge, telling him he was ineligible to apply for restoration of good time credit because he had already made a request during his incarceration and IMPP 11-127 only allowed one request per incarceration. However, Wooldridge's request was once again sent to the central office for review. Wooldridge also complained that IMPP 11-127 was amended in 2023 and he was subject to the former version of the policy, which did not clarify only one request could be made per incarceration.

In December 2023, Wooldridge filed a letter questioning the IMPP policy change and asking for restoration of 240 days of good time credit. The request was again denied, and a prison official explained that, regardless of the policy change, both versions of IMPP 11-127 stated any decision was final and there was no appeal process.

In September 2024, Wooldridge filed a pro se K.S.A. 60-1501 petition alleging Warden Paul Snyder violated prison policy as well as Wooldridge's due process rights by failing to restore his good time credits, resulting in wrongful restraint and imprisonment. Wooldridge essentially claimed his second request to have 240 days of good time credit restored was merely a resubmission of this initial denied claim, not an appeal, which should have been addressed and good time credit awarded. Wooldridge also argued he submitted his first request for good time credit before IMPP 11-127 was amended, and application of the amended version of the policy restricting inmates to one request for

3

good time credit per incarceration was a wrongful ex post facto application of the policy. Wooldridge asserted his request was never given due consideration and he was never given an opportunity to be heard.

The district court issued a writ of habeas corpus and scheduled an evidentiary hearing to discuss the merits of Wooldridge's petition. Snyder moved to dismiss under K.S.A. 60-212(b)(6) for failure to state a claim upon which relief could be granted. Snyder acknowledged IMPP 11-127 was amended in 2023, but, under both versions of the policy, Wooldridge already submitted a claim for good time restoration which was granted in part and denied in part—a decision that was final and not subject to appeal. Snyder also contended Wooldridge did not have a liberty interest in the restoration of good time credit and the denial of such could not establish shocking and intolerable conduct or evidence of mistreatment of a constitutional nature to avoid summary dismissal. Snyder conceded that Wooldridge exhausted his administrative remedies.

The district court cancelled the evidentiary hearing after receiving Snyder's motion to dismiss. The district court reviewed the motion, files, and records in the light most favorable to Wooldridge and granted Snyder's motion to dismiss. The district court explained Wooldridge was not entitled to have his request for restoration of good time credit reviewed again as KDOC already reviewed and denied the request and such decision was final and nonappealable. The district court also explained that Wooldridge did not have a liberty interest in the restoration of good time credit and, therefore, Wooldridge failed to establish shocking and intolerable conduct or evidence of continuing mistreatment of a constitutional nature to avoid summary dismissal.

Wooldridge timely filed a motion to reconsider, which the district court denied.

ANALYSIS

Wooldridge essentially argued in his pro se K.S.A. 60-1501 petition that Snyder violated his due process rights by denying his request for good time credit under the improper version of IMPP 11-127.

K.S.A. 60-1501 provides the means for prisoners "to challenge the mode or condition of their confinement." *Denney v. Norwood*, 315 Kan. 163, 164, 505 P.3d 730 (2022). Once an inmate files a K.S.A. 60-1501 petition, the statutory scheme requires the district court to promptly conduct an initial assessment of the petition to determine whether a writ of habeas corpus should issue. K.S.A. 2024 Supp. 60-1503(a). At that stage, "courts must accept the facts alleged by the inmate as true." *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005). To obtain a writ, the petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). But if it is apparent from the petition and attached exhibits that the petitioner is entitled to no relief, then no cause for granting a writ exists and the court must dismiss the petition. K.S.A. 2024 Supp. 60-1503(a).

The district court can dismiss the writ if it finds "the motion and the files and records of the case conclusively show that the inmate is entitled to no relief." K.S.A. 2024 Supp. 60-1505(a). The district court here considered Wooldridge's petition and supporting exhibits, determined he may have a right to relief, and issued a writ of habeas corpus. Upon receiving Snyder's motion to dismiss, the district court sua sponte cancelled the scheduled evidentiary hearing and dismissed Wooldridge's petition based on the motion, files, and records of the case. We review the district court's summary dismissal of a K.S.A. 60-1501 petition de novo as we "are in just as good a position as the district court" to consider the merits of the case. *Denney*, 315 Kan. at 175.

5

*Wooldridge timely appealed.*

Before considering the arguments Wooldridge raises on appeal, we must resolve a preliminary issue. Snyder asserts that Wooldridge's motion to reconsider the district court's denial of his K.S.A. 60-1501 petition was improper and did not toll the 30-day time limit for Wooldridge to file his notice of appeal. Snyder asks us to find Wooldridge's notice of appeal untimely and, rather than dismiss for lack of jurisdiction, uphold the district court's decision under K.S.A. 60-2103. Snyder's request for relief is confusing because K.S.A. 2024 Supp. 60-2103(a) explicitly tolls the time to file a notice of appeal by the timely filing of a motion to alter or amend. Wooldridge did not respond to this argument in his reply brief.

The right to appeal is statutory, and we have jurisdiction only when an appeal is taken in the manner prescribed by statute. Whether jurisdiction exists is a question of law subject to unlimited review. *State v. Clark*, 313 Kan. 556, 560-61, 486 P.3d 591 (2021).

Generally, an appellant must file a notice of appeal within 30 days of a final judgment. K.S.A. 2024 Supp. 60-2102(a)(4); K.S.A. 2024 Supp. 60-2103(a). And if an appeal is filed outside the 30-day time limitation, we must dismiss the appeal for lack of jurisdiction. *Board of Sedgwick County Comm'rs v. City of Park City*, 293 Kan. 107, 111, 260 P.3d 387 (2011). But the statutory deadline to file a notice of appeal may be tolled by a timely filed postjudgment motion, including a motion to alter or amend a judgment. See K.S.A. 2024 Supp. 60-2103(a); K.S.A. 2024 Supp. 60-259(f). A motion to reconsider is generally treated as a motion to alter or amend. *In re Estate of Lentz*, 312 Kan. 490, 498-99, 476 P.3d 1151 (2020). Once the district court rules on the timely filed postjudgment motion, the full 30-day time limitation begins anew. K.S.A. 2024 Supp. 60-2103(a).

Snyder suggests "[a motion for reconsideration] is not a valid motion in a K.S.A. 60-1501 habeas proceeding as [habeas proceedings] do not follow the ordinary rules of

civil procedure . . . , and there is nothing to allow them." While Snyder is correct habeas proceedings generally do not follow the ordinary rules of civil procedure, such proceedings are generally deemed civil matters in which the petitioner has 30 days from entry of judgment to appeal. See *Denney*, 315 Kan. at 171; *State v. Swafford*, 306 Kan. 537, 540, 394 P.3d 1188 (2017). As previously discussed, K.S.A. 2024 Supp. 60-2103(a) explicitly provides an exception to the 30-day requirement with the timely filing of a motion to alter or amend judgment. Snyder's argument is not persuasive.

Here, Snyder filed his motion to dismiss on March 3, 2025. On March 20, 2025, the district court granted Snyder's motion to dismiss Wooldridge's petition. Wooldridge timely filed a motion to reconsider on April 4, 2025—15 days later. See K.S.A. 2024 Supp. 60-259(f). The district court denied Wooldridge's motion to reconsider on April 21, 2025. Wooldridge then had 30 days to timely file a notice of appeal, which he did 11 days later on May 2, 2025. We accept Wooldridge's timely filed appeal.

*The district court erred in failing to appoint Wooldridge counsel, but the error was harmless.*

Wooldridge argues the district court erred in failing to appoint counsel to represent him in pursuing his K.S.A. 60-1501 petition. We agree. Snyder responds, noting: "K.S.A. 60-1501 is a purely civil matter," and the criminal statute requiring the appointment of counsel should not apply. Snyder seems to claim K.S.A. 60-1501 petitions are purely civil in nature when it benefits him and, when he does not benefit, the ordinary rules of civil procedure should not apply. Snyder further asserts even if Wooldridge was entitled to counsel, the lack of counsel resulted in harmless error as counsel would not have provided any meaningful assistance. Snyder's claim that Wooldridge was not indigent and entitled to counsel is not persuasive.

7

Wooldridge filed requests for counsel multiple times before the district court and his requests were denied or ignored. The issue is preserved for appeal.

Whether a K.S.A. 60-1501 petitioner is entitled to appointed counsel is a question of statutory interpretation over which we have unlimited review. *Markovich v. Green*, 48 Kan. App. 2d 567, 569, 297 P.3d 1176 (2013). Under K.S.A. 22-4506(b), if the district court finds the K.S.A. 60-1501 petition "presents substantial questions of law or triable issues of fact and if the petitioner . . . has been or is thereafter determined to be an indigent person as provided in K.S.A. 22-4504, and amendments thereto, the court shall appoint counsel . . . ." In *Denney*, our Supreme Court applied K.S.A. 22-4506(a) and (b) and held that when the district court issues a writ of habeas corpus, it "must appoint counsel to assist an indigent inmate." *Denney*, 315 Kan. at 173.

When Wooldridge filed his K.S.A. 60-1501 petition, he also filed a motion to proceed without paying necessary fees and costs based on indigency. Wooldridge's financial status is not surprising as he was convicted in 1983 and sentenced to an "indeterminate sentence of 99 years to life imprisonment." *Wooldridge*, 64 Kan. App. 2d at 315. The record shows Wooldridge filed inmate request forms to obtain his bank statements and a poverty affidavit to prove his status—a requirement under K.S.A. 22-4504(a). The record provides an inmate account statement reflecting an average cash balance of $206.05 from March to August 2024—an insufficient amount to cover anticipated costs of effective representation by retained counsel. See K.S.A. 22-4504(b).

Snyder relies on *Elliott v. Zmuda*, No. 128,533, 2025 WL 2427749 (Kan. App.) (unpublished opinion), *rev. denied* 321 Kan. ___ (2025), to support his position the failure to appoint counsel was harmless. In *Elliott*, the district court issued a writ in response to Elliott's K.S.A. 60-1501 petition but did not appoint counsel at that time. KDOC filed a motion to dismiss, which the district court granted. Elliott then filed a pro se motion to alter or amend and asked the court to appoint him counsel. The district court

did so, and Elliott had counsel to argue the merits of his postjudgment motions. In finding the district court's error in not appointing counsel at the time the writ was issued was harmless, the panel explained:

"Although the district court should have appointed counsel when the writ was issued, Elliott was provided the opportunity to argue his claims through counsel on his postjudgment motions. No new evidence or novel arguments were presented to show that having counsel at the earlier date would have changed the outcome of the district court's dismissal of Elliott's petition." 2025 WL 2427749, at *7.

Here, the district court initially found Wooldridge's K.S.A. 60-1501 petition presented substantial questions of law or triable issues of fact as it issued a writ of habeas corpus and scheduled an evidentiary hearing. But when the district court issued the writ of habeas corpus, it failed to appoint Wooldridge counsel, which was error. See K.S.A. 22-4506(b); *Denney*, 315 Kan. at 173. If the district court had appointed counsel for Wooldridge, counsel could have objected to the State's motion to dismiss as an improper pleading in a K.S.A. 60-1501 case. Perhaps counsel could have pointed out Wooldridge received all of the good time credit he was entitled to in each of the three awards and resolved the issue without an appeal. In any event, Wooldridge was appointed counsel on appeal.

Because we review the district court's summary dismissal de novo, Wooldridge has been able to advance arguments on appeal through counsel in essentially the same way he may have done before the district court. See *Denney*, 315 Kan. at 175; Cf. *Elliott*, 2025 WL 2427749, at *7. Thus, we apply a rationale similar to *Elliott* here and find Wooldridge has failed to show the error affected the outcome of these proceedings. He received all of the good time credit he was entitled to from KDOC in award #51, and we find the error in failing to appoint Wooldridge counsel was harmless.

9

*The district court erred in granting Snyder's motion to dismiss, but the error was harmless.*

Wooldridge argues the State failed to file a proper answer to his K.S.A. 60-1501 petition in accordance with K.S.A. 60-1504(c) and, instead, filed an improper motion under K.S.A. 60-212(b)(6) to dismiss for failure to state a claim upon which relief could be granted. Wooldridge also contends the district court violated his right to due process by not allowing him an opportunity to respond to the State's motion to dismiss. Wooldridge seeks remand to the district court for his day in court.

Wooldridge argues he was not afforded an opportunity to raise the issue below because the district court sua sponte cancelled the evidentiary hearing it initially scheduled after receiving Snyder's motion to dismiss. But Wooldridge raised the issue in his pro se motion to reconsider and preserved it for appeal.

In *Denney*, our Supreme Court explained K.S.A. 60-1501 petitions have specific "procedural and substantive rules governing [their] disposition . . . ." 315 Kan. at 165-66. Again, K.S.A. 60-1501 petitions "are not generally subject to the ordinary rules of civil procedure." *Denney*, 315 Kan. at 171. Our Supreme Court explicitly stated:  "[W]hen ruling on a respondent's motion to dismiss a K.S.A. 60-1501 petition, neither the failure-to-state-a-claim standard under K.S.A. 2020 Supp. 60-212(b)(6) nor the summary judgment standard under K.S.A. 2020 Supp. 60-256 apply." *Denney*, 315 Kan. at 171. It was error for the district court to act upon Snyder's K.S.A. 60-212(b)(6) motion to dismiss, but the error was harmless because it did not affect the outcome of these proceedings.

Snyder asserted in his motion to dismiss that Wooldridge was restored 60 days of good time credit related to good time award #51, but his claim was without support in the record because Wooldridge had already been awarded the full 120 days of good time

10

credit offered for award #51. The record on appeal, including Snyder's argument KDOC awarded Wooldridge 60 days of good time credit in award #51, is confusing and unclear. Still, Snyder correctly argues Wooldridge did not have "a liberty interest in the restoration of good time credits" and the denial of such credits could not amount to "shocking and intolerable conduct or the evidence of continuing mistreatment . . . ." See *Hardaway v. Larned Correctional Facility*, 44 Kan. App. 2d 504, 505, 238 P.3d 328 (2010). Wooldridge did not have a liberty interest in the 240 days of good time credit withheld in awards #45 and #50 as those days were never earned or awarded because of prison rule violations.

On appeal, Wooldridge fails to argue good time credit was improperly withheld in awards #45 and #50; rather, he seems to admit the denial of good time credit in those awards was proper because he had class I disciplinary convictions during the period of time awards #45 and #50 covered. Any claim to good time credit related to those two awards is therefore waived and abandoned. See *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017). As for award #51, Wooldridge received all 120 days of good time credit he was entitled to. Stated differently, Wooldridge could not be restored 60 days of good time credit with respect to award #51 because he had already received the full allotment of good time credit offered of 120 days.

Summary dismissal is proper if it is apparent from the petition and attached exhibits that the petitioner is entitled to no relief. *Denney*, 315 Kan. at 174. The motion, files, and records here conclusively showed Wooldridge was not entitled to relief with respect to the claimed 60 days of good time credit in award #51. By granting Snyder's motion to dismiss and cancelling the evidentiary hearing, the district court essentially summarily dismissed Wooldridge's K.S.A. 60-1501 petition. While it was error for the district court to grant Snyder's motion to dismiss, the error was harmless as Wooldridge was not entitled to any relief.

*The district court did not apply the wrong legal standard in reviewing Wooldridge's K.S.A. 60-1501 petition.*

Wooldridge argues the district court should have determined whether the motion, files, and records conclusively showed he was entitled to no relief instead of whether he demonstrated shocking or intolerable conduct or continuing mistreatment of a constitutional nature. This argument turns on statutory interpretation, which is a question of law subject to de novo review. *Markovich*, 48 Kan. App. 2d at 569. Wooldridge acknowledges he failed to preserve this issue for appeal but, once again, claims the issue could have been preserved if the district court had appointed him counsel.

Wooldridge is correct that the "shocking and intolerable conduct" test is used to determine whether the district court should issue a writ of habeas corpus. See *Denney*, 315 Kan. at 173. Once the district court issues a writ of habeas corpus, as it did here, the court must

> "proceed in a summary way to hear and determine the cause . . . . If the [petitioner] is an inmate in the custody of the secretary of corrections and the motion and the files and records of the case conclusively show that the inmate is entitled to no relief, the writ shall be dissolved at the cost of the inmate." K.S.A. 2024 Supp. 60-1505(a).

Wooldridge concedes "that using the wrong standard may not have impacted the district court's ruling," as the court "stated it had reviewed all the evidence in the light most favorable to Wooldridge." In fact, the district court also stated it had reviewed all submitted materials from both parties before dismissing the petition. The district court's order suggests it relied on the correct standard of review though it misstated the standard in its order. We find no error.

*The district court's errors were harmless.*

Wooldridge admits his arguments as to which version of IMPP 11-127 applied "may not be entirely correct." However, he fails to meaningfully advance any argument about which version of IMPP 11-127 should apply. Accordingly, any such argument is waived and abandoned. See *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020) (point incidentally briefed and not adequately argued deemed waived or abandoned).

Under the harmless error standard, we must consider the entire record to determine whether the district court's errors prejudicially affected Wooldridge's substantial rights. See K.S.A. 60-2105; K.S.A. 2024 Supp. 60-261; *State v. Campbell*, 317 Kan. 511, 518, 532 P.3d 425 (2023). Snyder, as the party benefitting from the district court's errors, has the burden to establish the errors were harmless. See 317 Kan. at 518.

As explained above, Wooldridge essentially acknowledges there was no error and, therefore, waives any claim to good time credit under awards #45 and #50 for class I disciplinary convictions. The record also reflects Wooldridge was awarded 120 days of good time credit for award #51. And we find no support in the record for Wooldridge's claim he is entitled to an additional 60 days of good time credit from award #51. The motion, files, and records conclusively show Wooldridge received all the good time credit he was entitled to receive. In the interests of clarity, we order KDOC to verify in writing to Wooldridge he has received the full 120 days of good time credit for award #51.

We affirm the district court's summary dismissal of Wooldridge's K.S.A. 60-1501 petition because it was right for the wrong reason. See *Gannon v. State*, 302 Kan. 739, 744, 357 P.3d 873 (2015).

Affirmed.